## IN RE OPENING OF WAYNE AVENUE.

CERTIORARI TO THE COURT OF QUARTER SESSIONS OF PHILADELPHIA COUNTY.

Argued January 23, 1889—Decided February 4, 1889.

When a street has been laid out by municipal action and remains unopened upon the confirmed plan, a description in a deed subsequently made referring to the street as crossed by the land, does not create such a dedication to public use of the land within the street lines, as to deprive the owner of his right to compensation when the land is afterwards actually taken by the opening of the street: Opening of Brooklyn Street, 118 Pa. 640, followed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 127 January Term 1889, Sup. Ct.; court below, No.

On March 26, 1887, a jury of six, appointed to " view and consider the propriety of opening Wayne avenue from Washington to Carpenter streets, and if in favor of said opening to obtain releases and assess damages therefor," submitted their report that Wayne avenue was duly laid out upon the confirmed plan of the city, and that the jury were unanimous in their judgment that it should now be opened to public use as a highway of the city. The report also set out:

That Sallie E. Keyser presented a claim for damages to a country place called Engle Wald, containing about five acres, and offered in evidence a deed dated March 13, 1873, Charles

M. Wagner to Sallie E. Keyser, which described the property by metes and bounds as extending across Wayne avenue to the opposite line of said avenue, the line of property conveyed on May 1, 1857, by Peter A Keyser and Mary E., his wife, to George C. Thomas.

That counsel for the city objected to hearing testimony in support of this claim, because it appeared on the face of the deed produced and the conveyance by Peter A. Keyser to George C. Thomas therein referred to, that Wayne street, through the land described, is in law by the acts of the parties in the premises a public highway, by virtue of the covenants therein contained; an implied dedication arising from the conveyance to George C. Thomas of land bounded and described as having a front on the southwest side of Wayne street.

That the jury, after hearing argument, had concluded that, by reason of the deeds of conveyance referred to, there was a dedication of the ground in the bed of Wayne avenue in front of this property to public use, and had therefore refused to hear any testimony on the part of the claimant.

On March 31, 1887, Peter D. Keyser and Sallie E. Keyser, his wife, in right of said wife, filed the following exceptions to said report

1. Because the jury reported that there was, by reason of the deeds of conveyance set out in said report, a dedication of Wayne street, through the land described in the first-mentioned deed, to public use.

2. Because the jury should have reported that there was not, by reason of anything contained in the aforesaid deeds, a dedication of Wayne street, through the land described, to public use.

3. Because the jury refused to hear any testimony on the part of the exceptants.

On April 13, 1887, after argument, the court MITCHELL, J., without opinion filed, dismissed said exceptions and confirmed the report of the viewers.    Thereupon the exceptants took this writ, assigning as error, severally, the dismissal of the exceptions and the confirmation of said report.

*Mr. John G. Lamb*, for the plaintiffs in error.

There was no appearance for the defendant in error.

OPINION, MR. CHIEF JUSTICE PAXSON:

This case is ruled by Brooklyn street, 118 Pa. 640, where it was held that when a street has been laid out by municipal action and remains unopened upon the confirmed plan, a description in a deed subsequently made referring to the street as a boundary, does not create such a dedication to public use of the land within the street lines, as to deprive the grantor of his right to compensation when his land is afterwards actually taken by the opening of the street.

In the case in hand, the jury not only refused to award damages to the exceptants, Peter D. Keyser and Sallie E. Keyser, but also declined to hear any testimony in regard to their claim, for the reason, as appears fully by their report, that by the deeds of conveyance set out in said report, one dated March 13, 1873, from Charles M. Wagner to Sallie E. Keyser, and one dated May 1, 1857, from Peter A. Keyser and wife to George C. Thomas, there is a dedication of Wayne street, through the land described in the first mentioned deed, to public use.

An examination of the deeds referred to, a copy of which the jurors have annexed to their report, fails to show such dedication. The reference to the street is evidently for the convenient description of the property. Thus, where the deed describes the land as crossing Wayne street, and again as re-crossing it, it is precisely as if the deed had described it as crossing a brook or other natural feature of the land, and is no more a dedication of the land to public use in the one case than it would be the dedication of the brook in the other, in the sense of preventing the owner from claiming damages for the opening. It is not necessary to say anything to vindicate the ruling in Brooklyn street. It is sufficient that the present case comes within it.

The order of the court below dismissing the exceptions and confirming the report of the jury is reversed and set aside, and it is ordered that the record be remitted for further proceedings.