## Amelia Patterson, Executrix of Andrew Patterson, Deceased, *v.* The Peoples Natural Gas Company, Appellant.

*Streets—Deed—Reservation—Dedication.*

Plaintiff conveyed land by deed " excepting and reserving from this conveyance all that part of the above described property lying within the lines of B street as laid out upon the city plan." The street was not named as a boundary nor referred to in the description. It was not opened nor were any proceedings ever instituted to open it. Some of plaintiff's grantees divided their portions of the land into building lots, and sold them as fronting on B street. The land within the lines of the street was graded by these grantees, and used as a public street for five or six years. *Held,* that plaintiff was entitled to recover damages from a natural gas company which laid its pipes within the lines of the street.

A dedication to the public of the use of land must rest on the intention or clear assent of the owner; which may be manifested by writing, sealed or unsealed, or by parol, or by acts inconsistent or irreconcilable with any inference except such consent; but the dedication must be under such circumstances as to indicate an abandonment of the use to the community by the owner, and the acts and declarations to effect a dedication should be unambiguous and unequivocal.

*Streets—Laying pipes under unopened street—Measure of damages.*

In an action against a natural gas company to recover damages for laying pipes within the line of an unopened street belonging to plaintiff, the jury may consider that the entry or trespass complained of was on the site of a lawfully located but unopened street, the extent and character of the use made of the land, the conditions of the land, and its availability as a means

of enjoyment or as a source of profit, and the extent of the defendant's interference therewith.

*Practice, S. C.—Review—Harmless error.*
The Supreme Court will not reverse for harmless error.

Argued Oct. 25, 1895.    Appeal, No. 181, Oct. T., 1895, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1893, No. 600, on verdict for plaintiff.    Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for injuries caused by the laying of gas pipes within the lines of an unopened street.    Before MAGEE, J.

At the trial it appeared that on August 18, 1884, Andrew Patterson conveyed to John Reaman a tract of land described as follows:

" Beginning on the W'ly side of Zulema St. at the corner pin between Lot No. 53 and Lot No. 54 and running thence S. W'ly by the line of Zulema St. 20 ft. to the corner of Hamilton St. ; thence by the N. line of Hamilton St. 200 ft., more or less, to the line of land of the heirs of Samuel McKee ; thence N'ly by said line of McKee heirs 200 ft., more or less, to the line of Brooks St. ; thence E'ly by Brooks St. 24 ft. to the line of Lot No. 38 ; thence by the line of Lot No. 38 S'ly 95 ft. ; thence E'ly by the rear line Lot No. 38 20 ft. ; thence S'ly by the E. line of Lot No. 55 50 ft., more or less, to the line of Lot No. 54 ; thence by the E. line of Lot No. 54 53 ft. to the place of beginning.

" Excepting and reserving therefrom and from this conveyance all that part of the above described property lying within the lines of Bates St. as laid out in the Plan of the City of Pittsburg."

Reaman conveyed the land to various parties who subdivided and sold it as town lots fronting on Bates street.    The owners of these lots graded the street and used it as a public street for five or six years.    In 1888 defendant laid its pipe line within the lines of the street.

C. F. McMahon, a witness for plaintiff, was asked this question : Q. Mr. McMahon, what, in your opinion, would be the worth of the use of this property for a pipe line?

Objected to as incompetent and irrelevent.

By Mr. Lemon: The yearly worth for the use of this property as a pipe line?

Objected to.

By the Court: It is the use of this property while the trespass continues.

Objection overruled. Exception, and bill sealed.

By Mr. Lemon: Q. What would you consider to be the yearly worth of this property if used for a pipe line? A. I expect it would be worth the interest on the money. [7]

Frank Murray, a witness for plaintiff, was asked this question: Q. Mr. Murray, will you tell the jury what would be the fair worth of the use, for the yearly use of that property for pipe line purposes from the year 1888 until September, 1893?

Objected to as incompetent and irrelevant.

Objection overruled. Exception, and bill sealed. [8]

Plaintiff's points were as follows.

1. That under all the evidence the defendant was a trespasser on said premises. *Answer:* This point is affirmed. There are three ways by which land may become a public street or highway:

1st. By the city taking and appropriating land for use as a public street or highway in the mode provided by law for that purpose.

2d. By dedication or appropriation of realty by the owner to the use of the public and the adoption thereof by the public.

3d. By prescription, that is a right which a possessor of land, or the public acquires by reason of his adverse possession during a period usually of twenty years, and rests upon the presumption of a grant, which by lapse of time has been lost.

By none of these means has the use of the land as a public highway been acquired or opened to defendant's use. [1]

2. If entitled to recover plaintiff can recover the worth of the use of the property during the period so occupied by the defendant. *Answer:* This point is affirmed. Taking into consideration in ascertaining the " worth of the use," that the entry or trespass complained of was on the site of a lawfully located but unopened street—the extent and character of the use made of the land—the conditions of land and its availability as a means of enjoyment or as a source of profit, and the extent of the defendant's interference therewith. [2]

3. That under all the evidence the defendant was a trespasser, and must pay a reasonable amount for the use of the property during the period so occupied by it, as damages, and the location of the proposed street cannot affect the amount of such damage. *Answer:* This point I decline to affirm as stated. I am willing to say that under the evidence the defendant is a trespasser, and that the plaintiff is entitled to at least nominal damages; and that he is entitled to such further damages as may be a reasonable compensation for the trespass committed in view of all the circumstances and evidence submitted for your consideration. [3]

4. That the plaintiff is entitled to recover in addition to nominal damages whatever damages shall appear proper to the jury, from the evidence, as compensation for the unlawful use and possession of said premises by the defendant for its pipe line. *Answer:* This point is affirmed. [4]

Defendant's points were as follows:

1. Under all the evidence in the case the verdict should be for the defendant. *Answer:* This point is refused. [5]

2. If the court refuses to charge, as requested in the defendant's first point, then counsel for defendant asks the court to say to the jury that if they find from the evidence that Andrew Patterson, by his deed offered in evidence, recognized Bates street as a street, and that the same, viz: the land included in the lines of Bates street, has been used by Patterson's grantees and the public as a street since Patterson sold the land, as shown by his deed, then the verdict should be for the defendant. *Answer:* This point is refused. The facts set forth are to be taken into consideration in estimating damages, but I do not regard the Patterson deed as a dedication of the land for public use, nor as intended as to such of the land within the lines of Bates street. The deed does give, I think, under the law to the grantees, the use of that portion of the land for travel and as a right of way over the same, but the defendant company does not stand in that relation to the property. [6]

The court charged in part as follows:

What was the use of the land in this way by the defendant, under the circumstances, reasonably and actually worth to the plaintiff by way of compensation for the wrong done? The measure of damages is not to be estimated in my judgment

upon the basis of the most advantageous terms for the tres-
passer; when the entry and continued use is wrongful he is not
entitled to the same consideration to be accorded to one whose
entry is lawful, and the use a matter of contract, expressed or
implied.    An implied contract is where it is not discussed, and
there can be contracts of that kind. . You can let a man go
into your house, and the implied contract is that he is to pay
what it is worth; and where that is the case it is a different
state of affairs than where your rights are invaded, and parties
under such circumstances are not entitled to the same consid-
eration to be accorded to those who enter of right.

Verdict and judgment for plaintiff for $100.    Defendant
appealed.

*Errors assigned* were, (1–6,) above instructions, quoting
them; (7, 8) rulings on evidence, quoting the bill of excep-
tions.

*W. S Miller*, for appellant.—One of the principal purposes
of a street in a city is for the laying and maintaining of gas and
water pipes : McDevitt v. Gas Co., 160 Pa. 367.

The facts in this case are not similar to those in Gamble v.
Phila., 162 Pa. 413, or the Brooklyn Street Case, 118 Pa. 640,
and that class of cases.    Those are cases where the grantor in
his deed recognized the street as a boundary, but the street was
still an unopened street.    In this case we have an opened
street—opened and used as a street for the last ten years and
upwards.

Again, we contend, that the conveyance of Patterson, as
made, is such as to justify a purchaser in construing and be-
lieving it to convey a good title to the street referred to
therein.

The reservation is only of so much of said property as is
contained within the lines of Bates street, and contains no
words of inheritance.    The word property does not necessarily
mean the land.

This is an action, quare clausum fregit, for an injury to the
possession.    Now, we do not think that Patterson had such pos-
session when the pipe line was laid or when this suit was brought
as would support his action of trespass.

Although every unlawful entry upon the premises of another is a trespass, and whether the owner suffer much or little, he is entitled to recover, yet, without proof of actual injury, he can only be allowed nominal damages : Waterman on Trespass, sec. 1090 ; Shannon v. Burrough, 1 Hilton (N. Y.), 39 ; Rose v. Story, 1 Pa. 190 ; Amer v. Longstreth, 10 Pa. 145 ; Taylor v. Parkhurst, 1 Pa. 190.

*W. H. Lemon*, *R. C. Duncan* with him, for appellee.—The reservation in the deed certainly gives the defendant no right to the use of the proposed street : Gamble v. Phila., 162 Pa. 413 ; Brooklyn St. Case, 118 Pa. 640.

The defendant was a trespasser pure and simple, for there never was an ouster, and no adverse possession of the fee is maintained.   In an action for mesne profits (where an owner has been disseized) the rents and profits are to be distinguished from damages suffered by way of actual injury to the premises. Such damages are recoverable in the same action : Sedgwick on Damages, sec. 905 ; Ward v. Warner, 8 Mich. 508 ; McWilliams v. Morgan, 75 Ill. 473.

OPINION BY MR. JUSTICE FELL, January 6, 1896 :

The defendant justified its entry upon and use of the plaintiff's land for the purpose of laying gas pipes, upon the ground that the land had been dedicated for use as a public street.   In 1884 the plaintiff sold a tract of unimproved land to John Reaman.   On the city plan a proposed street had been located which passed over this land.   No steps had then been taken, or have since been taken, by the city or any one to open the street.   It was merely a plotted street.   From the conveyance the plaintiff reserved the land within the lines of the street. The words of the reservation are " Excepting and reserving from this conveyance all that part of the above described property lying within the lines of Bates St. as laid out upon the plan of the City of Pittsburgh."   The street was not named as a boundary nor referred to in the description.   Reaman, the plaintiff's grantee, divided the tract and conveyed the parts, describing them as bounded by Bates street.   Some of his grantees subdivided the parts they had purchased into building lots and sold them as fronting on Bates street.   The land within

the lines of the street was graded by these grantees and used as a public street. This was the condition of the property when in 1888 the gas pipes were laid, and it has remained practically the same ever since.

The mere placing of the street upon the city plan conferred no right to the use of the land as a highway upon any one. The plaintiff made no conveyance by the implied covenants of which the land was to be left open for the use of his grantees and the public, and we find no act of his to justify the inference of dedication. He reserved from the land described a part lying within the lines of a projected street. The street was not opened. No proceedings had been instituted to open it. It had no existence except upon paper. It was not a boundary and was not named in the description of the land conveyed. Before the conveyance the plaintiff was at liberty to make such use of the land conveyed as he wished. He could have inclosed and cultivated it, or have built upon it subject to the right of the city to take it without payment for improvements made after notice of the location of the street. None of these rights was lost by his conveyance and of course they could not be affected by the subsequent conveyances of his grantee. It is not the case of the right of way over a street named in the description as a boundary, nor of a street laid out by the grantor over land which he has sold in lots, nor of the acquiescence of the owner in a use for such a length of time that public convenience or private rights would be materially affected by its interruption. There is nothing in the evidence upon which to found an implied dedication which would operate as an estoppel. " A dedication to the public of the use of land must rest on the intention or clear assent of the owner; which may be manifested by writing, sealed or unsealed, or by parol, or by acts inconsistent or irreconcilable with any inference except such consent; but the dedication must be under such circumstances as to indicate an abandonment of the use to the community by the owner . . . . and the acts and declarations to effect a dedication should be unambiguous and unequivocal." Donaston v. Payne, 2 Smith's Leading Cases, 155.

The measure of damages was the injury caused the plaintiff by the use to which his land had been subjected by the defendant. The instruction on the subject in the general charge

and in the answers to the points was correct, and the amount of the verdict makes it certain that the rule was followed by the jury. The objections to the admission of testimony which appear in the seventh assignment of error might well have been sustained, as the questions asked were wanting in clearness and tended to present a wrong standard for the assessment of damages, but as it is evident that they did no harm the case should not be sent back.

The judgment is affirmed.