## Schmeyer et al. v. Christ et al.

*Orrin E. Boyle*, for plaintiffs.

*Wilson A. Wert* of *Snyder, Wert & Wilcox*, for defendants.

DIEFENDERFER, J., June 19, 1950.—Plaintiffs filed their complaint in mandamus on July 5, 1949, against the road supervisors of Lynn Township for judgment commanding defendants to maintain the road in ques-

tion as a public road under their jurisdiction in Lynn Township.

Plaintiffs are the owners of the farm containing 12 acres and 112 perches since August 31, 1946, located approximately 1,750 feet from Pennsylvania State Highway No. 39112, which leads from Wanamakers to New Tripoli.

The case was called for trial and the jury returned a verdict in favor of plaintiffs. Defendants filed a motion for a new trial and also a motion for judgment n. o. v.

The question arises was there sufficient evidence to establish the road in question as a township road and if so, have the township supervisors neglected to maintain it and keep it in repair?

The testimony deals with the use of the highway. Plaintiff testified as follows:

"Q. Can you tell us who uses that as a highway?

"A. The farmer that farms the land, Mr. Feinour.

"Q. Are there other people using that roadway?

"A. Boy scouts were up twice last fall and camped back there, from down in New Jersey."

As to the repair and maintenance, plaintiff was asked:

"Q. Will you tell us your conversation with Mr. Christ?

"A. I asked Mr. Christ about opening this road, fixing it up a little for me. He said, 'I can't do it. I must take it up with Mr. Wert, the solicitor.' I tried to contact Mr. Wert, and he gave me an excuse, and Christ gave me another. He said finally, 'I'll let you know who the liar is. I'll come in on a Saturday with the grader and open these gutters', and he did. It wasn't improved any. It was really in worse shape. He said he would come back and straighten it out a little, but he never did come back."

Testimony was offered by Nathan Kistler, as follows:

"Q. Did you at any time drive with a horse and wagon all the way through to the other highway?

"A. I think I did."

The witness, Mr. Kistler, was asked:

"Q. Mr. Kistler, did you ever do any work on this road?

"A. I don't know that I ever worked on it, but I helped drive a team of horses when they were grading and scraping it, when I was a little boy."

Albert Long was called as a witness and testified that he did not know this road since 1906.

On cross-examination he testified that he and a man by the name of Wagner used to hitch up together and have the township scraper and fix it a little.

"Q. How long ago was that?

"A. It must have been 1904 or 1905.

"Q. When that was done were there any of the supervisors there?

"A. No."

Charles J. Christ, one of the defendants, was called on behalf of defendants. He testified that he was one of the supervisors in Lynn Township for 17 years, and that during that time no township money was used to maintain and repair the road in question.

Frank G. Metzger was called as a witness on behalf of defendants. He testified that he had been a supervisor of Lynn Township from 1930 to 1934 and 1936 to 1940, and during his time this road was not repaired by the supervisors and no township money spent on it.

Plaintiff offered Mr. Kistler and Mr. Long and both testified that they had no knowledge of anyone using the road during the past 21 years.

The only testimony concerning repairs to this road is the testimony of plaintiff, who said that Mr. Christ, one of the supervisors, after he had told plaintiff that

he had no right to have the township repair the road, came in with scraper and opened the gutter, without any apparent authority from the board of supervisors.

This is admitted by Mr. Christ, but he states that it was a good will gesture, and that no township money was expendeded at anytime during the 17 years he served as supervisor.

The provision of the Act of July 10, 1947, P. L. 1481, sec. 1105(b), is as follows:

"Every road not of record which has been used for public travel and maintained and kept in repair by the expenditure of Township funds for a period of at least twenty-one years and upwards shall be deemed to be a public road of the width of thirty-three feet notwithstanding the fact that there is no public record of the laying out of such road or a dedication thereof for public use. In all such cases the lawful laying out and opening or dedication of such roads of the width hereinbefore specified shall be conclusively presumed."

It appears, therefore, that the testimony given in this case is rather vague and indefinite and would appear to be insufficient to maintain the verdict in this case.

And now, June 19, 1950, it is ordered and decreed that the motion for a new trial be sustained and the motion for judgment n. o. v. is denied. A new trial is therefore granted.