Stewart, Appellant, *v.* Watkins.

Argued September 27, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

George M. Lynch, for appellants.

Thomas R. Mahady, with him Mahady & Mahady, for appellees.

Robert E. Woodside, R. J. Woodside, and Woodside & Woodside, for appellees under Rule 65.

Opinion by Mr. Justice O'Brien, November 28, 1967:

Appellants commenced an action in equity seeking to enjoin appellees from entering upon appellants' land and performing work on a road situated on that land. A preliminary injunction was granted but, after hearing, the injunction was dissolved and appellants were enjoined from interfering with appellees' lawful repairs and services to the road in question. Appellants' exceptions to the chancellor's decree nisi were dismissed and a final decree entered affirming the result reached by the chancellor; this appeal followed.

The question before us is narrow: "Was there sufficient evidence from which the chancellor could find that the road in question was a township (public) road?" It requires no citation of authority for the oft-repeated proposition that the findings of the chancellor, approved by the court en banc, have the same status as a jury's verdict, if they are supported by adequate evidence and ordinarily will not be disturbed on appeal.

Three methods exist for establishing the existence of a township road. The first is the introduction of

court records showing the road to have been opened under the Act of June 13, 1836, P. L. 551, 36 P.S. §1781 et seq. The second is that provided in The Second Class Township Code of May 1, 1933, P. L. 103, §1105, 53 P.S. §66105, setting forth the circumstances under which there arises a conclusive presumption that a road is public. The third is by prescription, requiring uniform, adverse, continuous use of the road under claim of right by the public for twenty-one years. Appellees make no claim that the road in question is a township road other than by the second method, The Second Class Township Code.

That Code provides, in §1105: "Every road not of record which has been used for public travel and maintained and kept in repair by the expenditure of township funds for a period of at least twenty-one years and upwards shall be deemed to be a public road of the width of at least thirty-three feet notwithstanding the fact that there is no public record of the laying out of such road or a dedication thereof for public use. In all such cases the lawful laying out and opening or dedication of such roads of the width hereinbefore specified shall be conclusively presumed." We hold that there is evidence from which the chancellor could properly have found that the requirements imposed by this statute have been met, and that the road in question is a township road. We might note that the parties did little to simplify our task in the review of the evidence, having furnished us with maps in the record and briefs which are virtually unintelligible.

The statute requires two things, carried on for twenty-one years—public travel, and maintenance and repair by the expenditure of county funds. There is testimony from plaintiff, Frank L. Stewart, Jr., that the residents at the end of the road ran at one time or another a dairy farm and a riding academy. A proper inference from this is public use. A user of the road,

William L. Beitler, testified that he never asked permission to use the road, and plaintiff, Frank L. Stewart, admitted that a number of people traveled on the road without asking his permission. Thus, a finding of public travel was perfectly proper.

So too was the finding of maintenance and repair by the expenditure of county funds. There was testimony of oilings (since 1960) and plowing of snow in the winter of 1954-55. While this is not twenty-one years, several persons testified that repairs were made when necessary. On a small country road, it is entirely possible that the need for repairs is infrequent. Furthermore, appellees have introduced maps dating back to 1900, showing the road as a township road. State fuel tax funds have been paid to the Township of Unity for the maintenance of this road since 1933. While in themselves, the maps and payment of funds would be entitled to little weight, they serve to confirm the findings of the chancellor, supported by other evidence.

Decree affirmed, each party to bear own costs.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

As the majority correctly holds, the Act of May 1, 1933, P. L. 103, §1105, 53 P.S. §66105 requires not only that a road be maintained by public funds for twenty-one years, but also that it be used for public travel for that length of time before the conclusive presumption arises that it is a township road. Assuming arguendo that there is sufficient evidence here to establish public maintenance, I can find no evidence whatsoever in this record to support the chancellor's finding, approved by a majority of this Court, of public user.

The road in question leads from a public highway to a private dwelling. It goes nowhere else, nor do any other roads intersect it. Terminal points such as these (from a public road to a private house) have long been considered the very essence of a private road. *In the*

*Matter of the Road from George Bliss's to Sandy Lick Creek,* 51 Pa. 94, 96 (1866); *Killbuck Private Road,* 77 Pa. 39, 43 (1874). It is true that the occupants of this dwelling house once operated a dairy farm on the premises, and at another time a riding academy. But this would no more operate to transform the road into a public thoroughfare than would the maintaining of a doctor's office next to his home operate to so transform his driveway. Moreover, there is no evidence that these businesses were operated for twenty-one years, or that the use continued for that length of time. Cf. *Schmeyer v. Christ,* 74 Pa. D. & C. 605 (Lehigh County C.P. 1950).

The majority cites the testimony of William L. Beitler as evidence that the public used this road. However, Beitler merely testified that he used the road to reach the dairy farm to buy milk. So also, the record indicates that the individuals whom Frank L. Stewart, Jr. observed on the road were customers of the dairy farm and riding academy.

The *only* evidence offered by the appellees on the issue of public use consisted of certain maps purporting to show the property as a township road. We said in *Hazleton v. Lehigh Valley Coal Co.,* 339 Pa. 565, 570, 16 A. 2d 23, 26 (1940): "It is the law that the placing of a street on a city plan confers no right to the use of the land as a highway upon anyone." Appellees would distinguish this case on the ground that there is a real road of some sort present here, whereas in *Hazleton,* the contested area was being used as a playground. However, the *Hazleton* Court cites, as authority for the statement quoted above, the case of *Patterson v. Peoples Natural Gas Co.,* 172 Pa. 554, 33 Atl. 575 (1896). In *Patterson,* the alleged public road *was* being used as a road, it having been graded by plaintiff's grantees. Nevertheless, the Court there did not find persuasive the evidence that the road existed on

maps as a public thoroughfare. In any case, I fail to see how the appellees could show *actual public user* by the mere introduction of maps.*

Although I recognize the well settled principle that a chancellor's findings of fact have the effect of a jury verdict, and will not be disturbed if supported by adequate evidence, the present record reveals no such adequate evidence whatsoever. The appellants, in my opinion, are entitled to injunctive relief.

I dissent.

Mr. Justice JONES and Mr. Justice EAGEN join in this dissenting opinion.

---

* The majority admits that the maps, by themselves, would be entitled to little weight. However, the opinion declares that these maps may be used to *confirm* the other evidence. I find no such other evidence.