## Thomas v. Barrett

Before Smith and O'Malley, JJ.

*Samuel M. Pasquarelli,* for plaintiffs.
*Ira F. Bradford,* for defendants.

SMITH, JR., J., January 14, 1974.—Daniel Thomas and Anna M. Thomas, his wife (hereinafter plaintiffs), filed a complaint in mandamus to compel

Andrew J. Barrett, Edward J. Ingram, Edwin L. Nelson and the Township of Moon, a municipal corporation (hereinafter defendants), to maintain a public street known as Ewing Road which is located in the Township of Moon.

After hearing and argument of counsel, the court found Ewing Road was a public street and defendants were ordered and directed to maintain Ewing Road in accordance with the law.

Defendants filed timely exceptions to this order, which exceptions are now before the court for consideration. Defendants except to the finding of the court that Ewing Road is a public street as being against the weight of the evidence, against the law, and further that the evidence offered did not substantiate that Ewing Road as set forth and described in plaintiffs' complaint was ever a township road.

The following facts, inter alia, are supported by the exhibits and testimony offered into evidence at the hearing:

Ewing Road is an unpaved one-lane avenue located in the Township of Moon. Ewing Road is shown on the Groveton Land Company's Plan of Lots, Plan Book Volume 20, pages 174-75, and in the Valley View Plan of Lots, Plan Book Volume 33, pages 116-17. These plans are recorded in the Office of the Recorder of Deeds of Allegheny County, Pa. The road extends in a southerly direction from State Route 51 for a distance of 1,450 feet. The topography over which the road is laid is hilly. The road extends from State Route 51 up a slight grade to the top of a knoll and down the southerly side of the knoll to the Montour Railroad tracks. When the street was initially laid out, the most southerly terminus of the street was the now nonexistent Village of Coketown, Pa. In the late nineteenth and early twentieth centuries, Ewing Road was a thorough-

fare between State Route 51, Coketown, and from Coketown to Ewing's Mill. It was well travelled by pedestrians, horsemen and horse drawn vehicular traffic. In 1922, the Montour Railroad constructed another line of track on the southerly side of the knoll. In constructing the second line of track, the Montour Railroad eliminated the grade crossing at the inter-section of Ewing Road and the railroad tracks. The railroad then built another road from Coketown to an existing highway, obviating the use of Ewing Road as a thoroughfare between Coketown and State Route 51.

Plaintiffs initially purchased property contiguous to Ewing Road in 1920 or 1921. They have resided in a home built on the property since that time. Over the years, plaintiffs have purchased additional lots in the Groveton Land Company's Plan of Lots and in the Valley View Plan of Lots. Plaintiffs' property is on both the easterly and westerly sides of Ewing Road and includes the knoll over which Ewing Road travels. In 1928 or thereabouts, plaintiffs raised vegetables and began planting an orchard upon the knoll which Ew-ing Road traverses. Since that time, plaintiffs have used Ewing Road to carry vegetables and fruit from their orchard to the bottom of the knoll.

Even though the railroad grade crossing was elimi-nated in 1923, the general public continued to use Ewing Road. Picnickers, hunters and other members of the leisure-seeking public continued to travel Ew-ing Road and make use of the land on either side of it. Even though the road was no longer a thoroughfare between Coketown and State Route 51, Moon Town-ship continued to maintain Ewing Road subsequent to 1923. In the 1930's, a Township employe, George Hofaker, and a work crew performed maintenance on the road with picks and shovels. On one occasion, Mr. Hofacker and a work crew placed a cross drain under

the road. Storm sewers were also constructed by the township during this period of time. From 1941 to 1945, plaintiff performed maintenance work on the road and was paid for his labors by the township. The township apparently was unable to have its own maintenance crews perform this work because of the shortage in manpower caused by World War II.

In 1951, the township graded the road from its intersection at State Route 51 to the southerly side of the knoll. This work was performed by a township employe operating a road grader. Since 1951, the only portion of Ewing Road which has been maintained by the township was that portion which extends in a southerly direction from State Route 51 to a distance of 280 feet. This section of Ewing Road was the subject of litigation in this court at April term, 1957, no. 356. A consent decree terminated that litigation. The consent decree provides that the northernmost 280 feet of Ewing Road is a public road within the township and as such is maintained by the township.

There is no evidence between 1951 and the time the aforementioned lawsuit was filed showing whether Ewing Road was maintained by anybody.

Plaintiffs were last able to use Ewing Road for vehicular traffic in 1968. Until that time, they had continued to use the road to carry fruits, vegetables and fertilizers to and from the orchard on top of the knoll. Between 1951 and the present time, plaintiffs have on many occasions requested the township to maintain Ewing Road.

There seems to be little question that the township has a duty to maintain Ewing Road if it is shown to be a public road: Act of May 1, 1933, P. L. 103, art. XI, sec. 1110; July 10, 1947, P. L. 1481, sec. 17, 53 PS §66110.

The second class township code further provides:

"§66105. Certain roads declared public roads:

"Every road not of record which has been used for public travel and maintained and kept in repair by the expenditure of township funds for a period of at least twenty-one years and upwards shall be deemed to be a public road of the width of thirty-three feet notwithstanding the fact that there is no public record of the laying out of such road or a dedication thereof for public use. In all such cases the lawful laying out and opening or dedication of such roads of the width hereinbefore specified shall be conclusively presumed: 1933, May 1, P. L. 103, art. XI, §1105; 1947, July 10, P. L. 1481, §17": 53 PS §66105.

The question before the court at hearing was therefore narrow. Was the burden of proof required by the aforesaid statute met by plaintiffs? The statute requires two things, carried on for 21 years: public travel, and maintenance and repair by the expenditure of county funds: Stewart v. Watkins, 427 Pa. 557 (1967).

The evidence presented at hearing leads the court to conclude that both requirements of the statute were met for a period in excess of 21 years. The road was maintained from at least 1921 until 1951 and the road was used by the public during this period of time.

The fact that there is no evidence of maintenance since 1951 is irrelevant. When the public right has been acquired, it cannot be lost by non-user. Disuse of the public right does not forfeit the right: Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318 (1900). In order to vacate a public road a municipality must comply with certain statutory requirements. See Act of May 1, 1933, P. L. 103, art. XI, sec. 1115, §66115. The township has failed to do so. Therefore, defendants' exceptions are without merit.

## ORDER

And now, to wit, January 14, 1974, in accordance with the foregoing opinion, it is hereby ordered, adjudged and decreed that the exceptions of defendants be and the same are hereby dismissed.