Township of Lower Saucon, Appellant *v.* Ilona M. Horvath and Rosalie E. Horvath, Appellees.

Argued April 6, 1979, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Donald B. Corriere,* with him *Haber & Corriere,* for appellant.

*Bernard V. O'Hare, III,* with him *O'Hare & Heitczman,* for appellee.

OPINION BY JUDGE ROGERS, June 1, 1979:

The Township of Lower Saucon has appealed from an order of the Court of Common Pleas of Northamp-

ton County dismissing the Township's exceptions to a decree nisi enjoining the Township from entering upon the lands of the Misses Ilona M. and Rosalie E. Horvath to construct and maintain a roadway.

The Misses Horvath are the owners of a tract of land situated in Lower Saucon Township, on which is located just within and for most of the length of their property, a lane or roadway known as Horvath Lane. Horvath Lane has never been opened to the public by official act, but local residents have used it and the Township has performed maintenance and repair work on it for a number of years. In July 1977, Township officials told the Horvaths that the Township desired to widen the then ten foot wide cartway. In August 1977, the Horvaths filed a complaint in equity in the Court of Common Pleas seeking to enjoin the Township from further entry onto Horvath Lane. The Township responded that Horvath Lane had become a public road by prescription because of uniform, adverse and continuous use by the public under a claim of right for twenty-one years (*Coward v. Llewellyn,* 209 Pa. 582, 58 A. 1066 (1904)) or, alternatively, by operation of Section 1105 of The Second Class Township Code[1] which provides that every road "which has been used for public travel and maintained and kept in repair by the expenditure of township funds for a period of at least twenty-one years and upwards shall be deemed to be a public road. . . ."

After a trial without a jury, the Chancellor made the following findings of fact:

6. The roadway has not been used for public travel uniformly, adversely, and continuously for a period of twenty-one years.

7. The roadway has not been maintained and kept in repair by the expenditure of township funds for a period of twenty-one years.

---

[1] Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §66105.

The Chancellor concluded that Horvath Lane had not become a public way under either of the Township's theories and he entered a decree nisi permanently enjoining the Township from entry upon the Misses Horvath's land. The Township filed exceptions to the court's findings and conclusions and the court en banc dismissed the exceptions. This appeal of the Township followed.

The Township first says that the record contains such a volume of credible evidence that Horvath Lane was adversely used and maintained by the public for twenty-one years that the Chancellor should not have made the findings just recited. This is not an inquiry upon which we are obliged to embark. The findings of a chancellor, supported by adequate evidence or reasonable inferences therefrom, have all the force and effect of a jury's verdict and may not be disturbed on appeal. The record contains adequate evidence to support the Chancellor's findings.

The Misses Horvath testified that the only use of Horvath Lane at any time more than twenty-one years before the trial was that made by persons going to and from the private residence of one Edwards and by two farmers using it as access to their fields. The Horvaths said that they gave their specific permission for these uses. The permissive use by individuals as access to their property did not create a right of use in the general public, nor is there any evidence that the general public uniformly used Horvath Lane beyond the twenty-one year period. The only additional evidence adduced by the Township was that more than twenty-one years ago cars and motorcycles occasionaly raced up the road. Even if believed by the Chancellor, this evidence did not show a uniform public use. More recent use of Horvath Lane as a fuel oil delivery route, deer spotting site and lovers' lane did not occur beyond the twenty-one year period.

The absence of public use for twenty-one years also defeats the Township's claim under Section 1105 of The Second Class Township Code. Further, a thorough review of the record reveals no direct evidence of the expenditure of any Township funds for the repair or maintenance of Horvath Lane as required by Section 1105. Indeed, there is little evidence of any maintenance or repair beyond the required twenty-one year period. The Township says that its evidence is much the same as that recited in the opinion of *Stewart v. Watkins*, 427 Pa. 557, 235 A.2d 604 (1967), where the Supreme Court held that evidence of less than twenty-one years of continuous public maintenance was sufficient when other evidence showed that repairs were made when necessary at an earlier time. The Township's reliance on *Stewart* is misplaced. There, the Chancellor found that the township had maintained and repaired the road in question for the requisite number of years. The Supreme Court merely reviewed the record for adequate evidence and inferences to support the finding. Here, the Chancellor found that the roadway was not maintained and repaired with township funds. The Township would have us review the record and draw inferences contrary to the Chancellor's finding. This, as we have noted, is beyond our scope of review.

The Township's further contentions that the Horvaths should be estopped from asserting private ownership because of their failure to object to Township repairs whenever made and that references in deed descriptions to the road as a monument should be treated as an implied dedication, are without merit. The first would make a nullity of the Statute's requirement that township funds must be expended for at least twenty-one years to make a public road. The second is not, and should not be, the law. *In re Opening of Wayne Avenue*, 124 Pa. 135, 16 A. 631 (1889).

Order affirmed.

Judge CRUMLISH, JR. concurs in the result only.

ORDER

AND Now, this 1st day of June, 1979; the order of the Court of Common Pleas of Northampton County is hereby affirmed.