William F. Lagler and Carl P. Lagler, Appellants *v.* Upper Milford Township Zoning Hearing Board and Upper Milford Township, Appellees.

Argued March 1, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*F. Paul Laubner,* for appellants.

*John R. Hudders,* for appellee, Upper Milford Township Zoning Hearing Board.

*John O. Stover, Jr.,* with him *Wallace C. Worth, Jr., Worth Law Offices, P.C.,* for intervening appellee, Upper Milford Township.

OPINION BY JUDGE BLATT, June 16, 1982:

The appellants,[1] owners of a 5.7 acre parcel of property in Upper Milford Township (Township), appeal an order of the Court of Common Pleas of Lehigh County which affirmed a decision of the Zoning Hearing Board (Board) to deny a building permit to the holders[2] of a sales agreement.

The basis of the Board's decision was that construction could not begin on the land concerned, which adjoins Ridge Road, without subdivision approval having been first obtained from the appellee Township. The appellants, however, point to the Town-

---

[1] William F. and Carl P. Lagler.

[2] The appellants entered into an agreement of sale with Kenneth P. and Charlotte Sell which was contingent upon the issuance of a building permit. The appellants, by a mandamus action, sought to compel the zoning officer to issue a building permit; however, the court below remanded the matter to the Board.

ship's Subdivision and Land Development Ordinance (Ordinance) which requires subdivision only where there is contiguous land unbroken by a public street or road. They maintained before the Board and court below and they argue here that their property is intersected by a *public* road (Ridge Road) and that, inasmuch as the portion of land for which the building permit is sought lies completely on one side of this road, there is no need for subdivision. The dispositive legal issue here, therefore, is whether or not Ridge Road is a public road.

In *Stewart v. Watkins*, 427 Pa. 557, 235 A.2d 604 (1967), our Supreme Court stated that there are three methods for establishing the existence of a public road in a second class township such as this:

> The first is the introduction of court records showing the road to have been opened under the Act of June 13, 1836, P.L. 551, 36 P.S. §1781 et seq. The second is that provided in The Second Class Township Code of May 1, 1933, P.L. 103, §1105, 53 P.S. §66105, setting forth the circumstances under which there arises a conclusive presumption that a road is public. The third is by prescription, requiring uniform, adverse, continuous use of the road under claim of right by the public for twenty-one years.

*Id.* at 558-59, 235 A.2d at 605. The second of these methods is the one under which the appellants contend that Ridge Road is public and Section 1105 of the Second Class Township Code,[3] in pertinent part provides that:

> Every road not of record which has been used for public travel and maintained and kept in repair by the expenditure of township funds for a period of at least twenty-one years and

---

[3] (Code) Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §66105.

upwards shall be deemed to be a public road of the width of thirty-three feet notwithstanding the fact that there is no public record of the laying out of such road or a dedication thereof for public use.

And, in such situations we have previously recognized that the owners bear the burden of establishing public travel for 21 years and maintenance and repairs by the expenditure of Township funds for 21 years. *Township of Lower Saucon v. Horvath,* 43 Pa. Commonwealth Ct. 172, 402 A.2d 1099 (1979).

The appellants argue first that the court below erred in finding that Ridge Road was not a public road. Additionally, they argue that the Board exceeded its statutory authority in rendering a decision on this alleged non-zoning issue and that they were thereby prejudiced because such action precluded the court below from making a fair and independent determination of the status of Ridge Road.

Section 913.1 of the Pennsylvania Municipalities Planning Code,[4] provides that the Board,

with respect to any municipal ordinance or requirement pertaining to the same development plan or development . . . shall have no power to pass upon the nonzoning issues, but shall take evidence and make a record thereon [and] . . . [a]t the conclusion of the hearing, the board shall make findings on all relevant issues of fact which shall become part of the record on appeal to the court.

Here, however, a determination of the status of Ridge Road was necessary in order for the Board to decide whether or not a building permit should issue, for (under the Township's Ordinance), if the road was not public, subdivision approval would be required. Even

---

[4] (MPC) Act of June 1, 1972, P.L. , *as amended,* 53 P.S. §10913.1.

if the Board was wrong, however, in determining this issue, and, even if the court below erred in stating that the Board did not abuse its discretion in addressing this issue, our examination of the record indicates that the court below did indeed make a fair and independent legal determination of the status of Ridge Road based upon the facts as determined by the Board.[5] And, even though conflicting evidence was presented to the Board, the record supports the Board's findings that the owner of Ridge Road cabled-off the road from 1945 until either the mid-fifties or mid-sixties, that a fallen tree blocked the road for ten years during the fifties, and that there was no evidence indicating that the Township ever spent any public funds for the maintenance and repair of Ridge Road either prior to 1933 or after 1939.

Keeping in mind Section 1105 of the Code, which requires a showing of public travel for 21 years and maintenance and repair financed by Township funds for 21 years before a public road can be found to exist, we believe that the findings of the Board were sufficient for the court below to conclude that the appellants failed to establish that Ridge Road was a public road,[6] and we will therefore affirm the lower court's order.

---

[5] We note that the appellants could have, but did not, request the taking of additional evidence in the court below. We are, like the court below, precluded from disturbing the factual "findings of the governing body, board or agency . . . if supported by substantial evidence." Section 1010 of the MPC, 53 P.S. §11010. Additionally, our scope of review is limited to determine if the Board committed an error of law or manifestly abused its discretion. *Ramondo v. Zoning Hearing Board of Haverford Township*, 61 Pa. Commonwealth Ct. 242, 434 A.2d 204 (1981).

[6] We agree with the lower court's conclusion, regarding Ridge Road being on certain maps, as follows:

Appellants have argued that the appearance of Ridge Road as a township road on various maps prior to 1965 proves its status as a public road. The Supreme Court,

ORDER

AND NOW, this 16th day of June, 1982, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is hereby affirmed.

Judge MENCER did not participate in the decision in this case.

however, in the Stewart case, stated, "While in themselves, . . . maps . . . would be entitled to little weight, they serve to confirm the findings of the Chancellor, supported by other evidence." Stewart v. Watkins, 427 Pa. at 560, 235 A.2d at 606. In the instant case there is no sufficient weight to fill the gaps in appellants' evidence.