## Irwin v. Ogden

*Fredric Ammerman,* for plaintiffs.
*Chester A. Ogden,* appearing pro se.

REILLY, *P.J.,* September 24, 1986 — The case at bar concerns a rural road designated as Pike Township Route 504 located in Pike Township, Clearfield County, Pa. Defendant, Chester A Ogden, owns a parcel of land over and through which this road passes and which also leads to the lands of adjoining Pike Township landowners. Due to the actions of defendant, the supervisors of Pike Township commenced this suit for the purpose of enjoining defendant from interfering with or blocking the road on the basis that the road is a township road open to the use of the general public. Lester and Betty I. Neeper, who own property adjacent to the land belonging to defendant, Chester A. Ogden, have intervened as co-plaintiffs. Defendant has refused access over the road in question beginning in 1979 to the Neepers as well as to the general public. Defendant claims that the road in question is not a township road and that it did not exist before he built it.

Properly stated, the issue before this court is: Have plaintiffs shown by a preponderance of the evidence that Pike Township Route 504 has been used for public travel and maintained and kept in repair by the expenditure of township funds for a period of at least 21 years or upwards? This court concludes that, as a matter of law, the evidence pre-

sented by the witnesses establishes that Pike Township Route 504 is indeed a township road.

In *Stewart v. Watkins,* 427 Pa. 557, 235 A.2d 604 (1967), our Supreme Court stated that there are three methods for establishing the existence of a public road in a second class township such as this:

"The first is the introduction of court records showing the road to have been opened under the act of June 13, 1836, P.L. 551, 36 P.S. §1781 et seq. The second is that provided in the Second Class Township Code of May 1, 1933, P.L. 103, §1105, 53 P.S. §66105, setting forth the circumstances under which there arises a conclusive presumption that a road is public. The third is by prescription, requiring uniform, adverse, continuous use of the road under claim of right by the public for 21 years." Id. at 558-59, 235 A.2d at 605.

The evidence to support the establishment of the road via the first method is absent. However, there has been ample evidence presented which demonstrates that the road has been established by the method prescribed in the Second Class Township Code through public use of the nature and duration required.

The Second Class Township Code, specifically the act of May 1, 1933, P.L. 103, Article XI §1105, as amended, 53 P.S. §66105 provides as follows:

"Section 66105. Certain Roads Declared Public Roads.

"Every road not of record which has been used for public travel and maintained and kept in repair by the expenditure of township funds for a period of at least twenty-one (21) years and upwards shall be deemed to be a public road of the width of thirty-three (33) feet notwithstanding the fact that there is no public record of the laying-out of such road or a dedication thereof for public use. In all such cases

the lawful laying-out and opening or dedication of such roads of the width hereinbefore specified shall be conclusively presumed." This statute requires that two things be carried on for 21 years — public travel, and maintenance and repair by the expenditure of township funds.

Plaintiffs have presented evidence of specific instances of both public use and maintenance and repair by the township of the road in question extending back to the 1930's and before. Plaintiffs have presented the testimony of nine witnesses and the depositions of six more witnesses. Vivian N. Keller and Beatrice Keller, who both had their testimony taken by deposition, testified that their grandfather and grandmother had lived for many years on a farm adjacent to defendant's property and that they were not allowed to park on the road when they went to their grandparents property because of the trucks and other vehicles going up and down the road. The Kellers also observed that Pike Township plowed, ashed and graded Township Route 504. Willard Clair Smay Sr. in his deposition stated that he not only worked on the road twice, as a member of the Pike Township road crew, but that other individuals who resided in the township had worked on the road in order to pay their taxes. Clair Whitaker testified in his deposition that work was performed on Township Route 504 as far back as 1937. Russell Boal in his deposition stated that he used Route 504 to help his father sell produce to the people who lived in that area when the stone quarry was in operation. Further, Russell Boal testified that he saw large trucks hauling stone out of the quarry from between 1912 and 1930-1931 as well as the fact that during this same time two sawmills were in existence and could be reached by using Route 504. In addition, Clifford Bloom's deposition indicated

that he was familiar with the quarry, the trucks used to haul stone from the quarry on Route 504 and the maintenance of Route 504 from approximately 1933 until approximately 1938.

Ralph Swoope testified that Route 504 was placed by PennDOT on the original 1933 township road map for Pike Township and is still shown on the current road map for Pike Township. Mr. Swoope also testified that Pike Township has been receiving either project grants which were started in 1933 or liquid fuels money which began in 1956 for Route 504. Lester Neeper testified that he, as well as others, used the road from the late 1930's until the latter part of 1980. He also testified to specific acts of maintenance performed by Pike Township on Route 504. Max Irwin, who was a Pike Township supervisor from 1976 to 1982, testified that Pike Township maintained the road and that in his opinion Route 504 was a Pike Township Road. Charles Walker, who is a present Pike Township supervisor, testified that Route 504 continues to be maintained by Pike Township and that as a child, in approximately 1955, he recalls riding on a grader as it worked Route 504. Clair Smay Jr. testified that from 1944 to the present he has used and has seen the public using Route 504. He also stated that Pike Township has worked Route 504. Samuel Smeal testified that from the early 1940's to the late 1960's he was personally aware that Route 504 was open and appeared to be maintained.

Based on the above, this court is satisfied that plaintiffs have met their burden and therefore enters the following

## DECREE NISI

Now, this September 24, 1986, following hearing into the above matter, it is the order of this court

this court that a decree nisi be entered granting judgment in favor of plaintiffs and against defendant. Said decree to become final if no exceptions thereto are filed within 10 days from date hereof.