**Lisa WARNER–VAUGHT, Appellant**

v.

**FAWN TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 2008.

Decided Oct. 21, 2008.

---

Gilbert G. Malone, York, for appellant.

William H. Poole, Jr., York, for appellee.

Before: LEADBETTER, President Judge, COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge LEADBETTER.

Lisa Warner–Vaught (Appellant) appeals from the judgment entered by the Court of Common Pleas of York County in favor of Fawn Township (Township), a second-class township, in her action in mandamus seeking an order directing the Township to maintain a public road that had allegedly existed along the boundary of her property. Appellant challenges the trial court's conclusion that she failed to prove the existence of the public road.

In 2004, Appellant and her husband, a logger, purchased approximately fifty acres of woodland identified as Parcel 29 on the York County Tax Map. The eastern boundary of the parcel fronts on Peach Road, a 16–foot–wide Township road. At the time of the purchase, Appellant and her husband believed that the parcel also fronted on Orchard Road, a Township road, at a point north of Peach Road. Appellant's husband died before the settlement. Appellant thereafter learned that the parcel was located fifty feet from Orchard Road at its closest point and did not front on that road. She obtained a temporary right-of-way through the adjacent property, Maple Lawn Farms, which allowed her access to Orchard Road, to sell

timber from her property. The adjacent property owner, however, did not permit Appellant to use the right-of-way to perform a percolation test and a hole analysis necessary to construct a dwelling on her property. Appellant subsequently obtained a survey of her property (Plaintiff's Exhibit 11; Reproduced Record (R.R.) at 206a), which showed two "abandoned" roads, one of which ran along the northeastern boundary of the property. After the Township told her that those roads had been abandoned, Appellant commenced the instant action.

Appellant alleged that there existed a public road running from Orchard Road along the northeastern boundary of her property and crossing Little Muddy Creek into East Hopewell Township. While conceding that she was unable to establish the date that the road was laid out, she asserted that the road was identified as part of a Township road, T–634, on various maps, and as a public road in various deeds, and that the road had not been vacated by the Township. She asked the trial court to order the Township to open, repair and maintain the road for public access. The parties stipulated that the area along the alleged road was overgrown with brush and large trees and existed as a natural drainage swale in many places. The parties also stipulated that there was no evidence of a formal vacation of any public road abutting Appellant's property. The parties further agreed that Appellant's counsel could testify as an expert in municipal law and in analyzing and evaluating property records and local street maps without being disqualified to represent Appellant.

During a bench trial, Appellant testified that her property near Peach Road was too steep to locate a dwelling and that large trucks could not enter her property through Peach Road because of its sharp curve. She presented numerous exhibits, including a current tax map (Plaintiff's Exhibit 1); ancient road maps dated 1860 and 1876 (Plaintiff's Exhibits 4–5); a 1924 map of York and Adams Counties (Plaintiff's Exhibit 7); 1934 and 1938 maps of the Township road system prepared and used by the Department of Highways, now the Department of Transportation (Department), to allocate liquid fuel funds to townships for maintaining township roads (Plaintiff's Exhibits 8–9);[1] a petition filed with the York County Orphan's Court in 1896 seeking to divide a larger parcel into three smaller parcels, one of which is now owned by Appellant, and deeds and descriptions of those parcels (Plaintiff's Exhibits 12–14); records of adopting a public road running from Gatchelville to Bacon's Mill in 1867 (Plaintiff's Exhibit 15); and the 1906 survey of the area of the property (Plaintiff's Exhibit 18).

Appellant's counsel testified that he noticed an area of Appellant's property that appeared to be a 12–foot–wide path and that the exhibits demonstrated the existence of a public road along the northeastern boundary of the property. Township Supervisor, Robert Lloyd, who had hunted in the area of Appellant's property thirty-seven years ago and had resided in the Township since 1978, testified that he did not see any sign of the alleged road. The Township presented a current road map (Defendant's Exhibit 1) and road mileage maps (Defendant's Exhibit 2–4). The trial court found no physical evidence of the

---

**1.** The Department allocates to municipalities a certain percentage of all liquid fuel taxes collected and other fuel taxes appropriated from the motor license fund for maintaining, repairing, constructing or reconstructing public roads or streets, including bridges, culverts and drainage structures. *See* Sections 3 and 4 of the Act of June 1, 1956, P.L. (1955) 1944, *as amended*, 72 P.S. §§ 2615.3–2615.4, formerly, 53 P.S. §§ 920.3–920.4.

existence of the alleged road. After reviewing the deeds, maps and surveys presented by Appellant, the court concluded that Appellant failed to sustain her burden of establishing the existence of "a roadway of any kind, let alone a public roadway across her property." Trial Court's July 19, 2007, Order at 3. The court entered a verdict for the Township and denied Appellant's motion for post-trial relief. This appeal followed.

Although couched in terms of abuse of discretion and errors of law, Appellant's arguments amount simply to a claim that the trial court should have accepted her evidence, which she characterizes as overwhelming. To the extent she makes legal arguments, they are predicated upon her version of the facts, not those found by the trial court. It is the function of the trial court to determine the credibility and weight of the evidence. We will overturn such determinations only if affirmative findings of fact lack substantial support in the record or if the failure to credit evidence amounts to capricious disregard of that which any reasonable mind would find compelling. Applying that standard, we find no basis to overturn the trial court's ruling.

Section 2304(a) and (b) of The Second Class Township Code (Township Code), Act of May 1, 1933, P.L. 103, *as amended,* added by Section 1 of the Act of November 9, 1995, P.L. 350, 53 P.S. § 67304(a) and (b), authorizes the Township Board of Supervisors to enact ordinances to lay out,

open, widen, strengthen, vacate and relay all roads and bridges located wholly or partially within the Township with the consent of the Department.[2] Section 2308(a) of the Township Code, added by Section 1 of the Act November 9, 1995, P.L. 350, 53 P.S. § 67308(a), provides: "Public roads in townships shall, as soon as practicable, be effectively opened. All public roads shall at all seasons be kept in repair and reasonably clear of all impediments to easy and convenient traveling at the expense of the township." Upon vacation of a public road, the court has the power to enter a decree that "the route of such abandoned public road, or any portion thereof, . . . shall be and become a private road, of the width of twenty-five feet, for the use and benefit of the owners of lands through or along which it passes. . . ." Section 1 of the Act of April 17, 1929, P.L. 530, 36 P.S. § 2781.

In *Stewart v. Watkins,* 427 Pa. 557, 235 A.2d 604 (1967), the Pennsylvania Supreme Court set forth three methods of establishing existence of a public road. The first method is "the introduction of court records showing the road to have been opened under the Act of June 13, 1836, P.L. 551, [commonly known as the General Road Law, 36 P.S. §§ 1781–1785]. . . ." *Stewart,* 427 Pa. at 558–59, 235 A.2d at 605. The existence of a public road can also be established under Section 2307 of the Township Code,[3] 53 P.S. § 67307, which provides:

2. If the board of supervisors fails to act on a petition to open or vacate a specific road within sixty days, the petitioner may present the petition to the court of common pleas, which must proceed pursuant to the Act of June 13, 1836, P.L. 551, commonly known as the General Road Law, 36 P.S. §§ 1781–1785. Section 2304(c) of the Township Code. If the Board of Supervisors denies the petition, the petitioner may petition the court of common pleas within thirty days "for the appointment

of viewers and proceedings shall be taken thereon under the General Road Law." *Id.*

3. The Legislature added Section 2307 to the Township Code by Section 1 of the Act of November 9, 1995, P.L. 350, replacing Section 1105, 53 P.S. § 66105, which provided for a conclusive presumption of the existence of a public road based on use of the road for public travel and its maintenance by the Township for at least twenty-one years.

Every road which has been used for public travel and maintained and kept in repair by the township *for a period of at least twenty-one years is a public road* having a right-of-way of thirty-three feet even though there is no public record of the laying out or dedication for public use of the road. [Emphasis added.]

*Stewart*, 427 Pa. at 559, 235 A.2d at 605. The third method is "by prescription, requiring uniform, adverse, continuous use of the road under claim of right by the public for twenty-one years." *Id.*

■ Before the trial court, Appellant conceded that she had "not been able to identify the document adopting [the alleged] road as a 'public road.'" Appellant's Pretrial Memorandum, p. 1; Certified Record, Item No. 20. On appeal, Appellant acknowledges that "there was no evidence as to the actual record of adoption of the road in question or in fact the adoption of any part of the road leading from Gatchelville to Bacon's Mill," which she claims ran through the northeastern boundary of her property. Appellants' Brief at 17. Further, Appellant did not present any evidence that might support a finding of a uniform, adverse and continuous use of the alleged road by the public under a claim of right for twenty-one years. Therefore, the only remaining inquiry is whether the evidence in the record supports the existence of a public road under Section 2307 of the Township Code. Appellant had the burden of proving that the alleged road had been used for public travel and maintained and kept in repair by the Township for at least twenty-one years. *See Lagler v. Upper Milford Twp. Zoning Hearing Bd.*, 67 Pa.Cmwlth. 200, 446 A.2d 712 (1982).[4]

The trial court found no physical evidence of a public road. The videotape showed only brush at the location of the alleged road. There was no sign of gravel or stones in the area. There was no bridge across Little Muddy Creek connecting the alleged road to East Hopewell Township. Appellant conceded that the various maps, surveys and deeds constituted only "circumstantial" evidence that a public road might have existed. Appellant's Pretrial Memorandum, p. 1. Township Supervisor, Kevin Clark, testified that the maps had different road designation numbers and did not correlate with each other. For example, Orchard Road was identified as T–634 on the Township road mileage map (Defendant's Exhibit 2) but as T–630 on the 1971 Township road system map (Defendant's Exhibit 3). Road numbers shown on the Township road map (Defendant's Exhibit 4) did not correlate to road numbers on the maps presented by Appellant. *See* June 27, 2007, Hearing, Notes of Testimony (N.T.) at 124; R.R. at 145a. In addition, the alleged road was not marked as a public road in the 1906 survey (Plaintiff's Exhibit 18), although other roads were clearly marked as public roads on that survey. *See* N.T. at 129; R.R. at 150a.

■ As the Supreme Court observed, "the maps and payment of funds would be entitled to little weight" in determining the existence of a public road under Section 2307 of the Township Code. *Stewart*, 427 Pa. at 560, 235 A.2d at 606. Moreover, as the Court stated in *Hazleton v. Lehigh Valley Coal Co.*, 339 Pa. 565, 570, 16 A.2d 23, 26 (1940): "It is the law that the plac-

---

4. The trial court did not consider the evidence specifically under the three methods set forth in *Stewart*. However, we may affirm on a different theory if the trial court reached the right result, and the basis for our decision is clear on the record. *See Guy M. Cooper, Inc. v. E. Penn Sch. Dist.*, 903 A.2d 608 (Pa. Cmwlth.2006); *Loch v. Zoning Hearing Bd. of Emmaus*, 131 Pa.Cmwlth. 211, 569 A.2d 1035 (1990).

ing of a street on a city plan confers no right to the use of the land as a highway upon anyone. Such a street has no existence except upon paper." The evidence presented by Appellant fails to establish an actual use of the alleged road by the public and its maintenance by the Township for at least twenty-one years, as required by Section 2307 of the Township Code. It must be emphasized that in a bench trial, the trial judge is the factfinder with the power to make credibility determinations and to draw any reasonable inferences from the evidence. *Commonwealth v. Fidelity Bank Accounts*, 158 Pa. Cmwlth. 109, 631 A.2d 710 (1993). The trial judge's findings in a bench trial, therefore, are entitled to the same deference as a jury verdict and can be rejected only if the record does not support the findings. *Id.* The record supports the trial court's conclusion that Appellant failed to meet her burden of proving the existence of a public road.[5]

Citing *Clifford Township v. Ransom*, 41 Pa.Cmwlth. 211, 398 A.2d 768 (1979), Appellant argues that the trial court's decision effectively permitted the Township to vacate the alleged road and to relocate Orchard Road to its current location without complying with the procedures set forth in the Township Code. In *Ransom*, the Department formally abandoned a portion of the state highway and reconstructed a new highway just west of the abandoned portion of the highway. It was undisputed that the abandoned state highway was previously a township road. The township agreed that a duty to maintain the abandoned portion of the highway reverted to the township, and that it had not formally vacated the abandoned road. The only issue in that case was whether the abandoned portion of the highway should be deemed to be vacated because it had not been maintained by the township or used by the public for a very long period of time. The Court held that the township had a statutory duty to maintain the abandoned road until it vacated the road pursuant to the procedures set forth in former Section 1102 of the Township Code, 53 P.S. § 66102, currently Section 2305, added by Section 1 of the Act of November 9, 1995, P.L. 350, 53 P.S. § 67305.

The facts in this case are clearly distinguishable. Nothing in the record shows that Orchard Road has been relocated. Unlike *Ransom*, the Township disputed the very existence of the alleged public road. Having failed to prove the existence of a public road that could have been vacated, Appellant's reliance on *Ransom* is misplaced.[6]

---

5. Appellant complains that the trial court erred in accepting the Township's incorrect representation that the Department began allocating fuel tax funds to municipalities in 1956, rather than 1934. The relevant question, however, is whether the Township received fuel tax funds from the Department specifically for maintaining *the alleged road*. Because Appellant failed to prove the existence of the alleged road, it is irrelevant whether the Department first allocated funds to townships in 1934 or 1956.

6. The Township argues that *Ransom* was incorrectly decided and should be reconsidered. The Township asserts that the *Ransom* holding would greatly impact small rural municipalities because pursuant to that holding, municipalities are required to rebuild and maintain all abandoned township roads, even those opened before the enactment of the Township Code in 1933, at significant expense to taxpayers, or to formally vacate all the abandoned roads and pay adjacent landowners damages pursuant to Section 2305(d) of the Township Code. The Township urges us to hold that a road abandoned for a significant period of time would result in a *de facto* vacation requiring no formal vacation and payment of damages. Due to our conclusion that *Ransom* is inapplicable to this case, it is unnecessary to address the Township's argument and to reconsider the *Ransom* holding.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 21st day of October 2008, the order of the Court of Common Pleas of York County in the above-captioned matter is hereby AFFIRMED.