Carroll Township Annexation Case.

Argued June 13, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Russell F. Griest,* with him *Griest and Wiley,* for appellant.

*P. Nelson Alexander,* with him *Alexander and Alexander,* for appellee.

OPINION BY ERVIN, P. J., September 15, 1966:

A number of freeholders of Carroll Township presented their petition to the Borough of Dillsburg praying for the annexation of two separate tracts of land by the borough. These two tracts are not contiguous to each other, but each of them is contiguous to the borough. The borough council received the petition at a regular council meeting on September 18, 1962 and at the same meeting adopted an ordinance ordaining the annexation as prayed for in the petition. The township supervisors filed a timely complaint raising a number of objections to the annexation.

The preliminary determination of the legality of the ordinance was made on the basis of the then existing record and commissioners were appointed to make findings of fact pursuant to the Act of July 20, 1953, P. L. 550, 53 PS §67501 et seq. Following the report of the commissioners, the court below approved the annexation of Tract No. 1 but dismissed the proceedings as to Tract No. 2. Carroll Township appealed to this Court.

This appeal, which is in the nature of a narrow certiorari,[1] raises three questions. First, the township contends that the ordinance was not recorded in the

---

[1] *Jenner Township Annexation Case,* 208 Pa. Superior Ct. 62, 220 A. 2d 385.

ordinance book within one month after its passage as required by §1008 of the Act of May 4, 1927, P. L. 519, as variously amended and re-enacted, 53 PS §46008. To support this contention three witnesses are relied on. Namely, Beverly Davis, who was elected by the council to be borough secretary at the meeting on September 18, 1962, Clarence H. Wolf and Paul Knisley. The latter two are members of the board of supervisors of the township. The two supervisors testified that on different dates they, sometimes alone and sometimes together, called on Mrs. Davis, Mr. Robson, the borough secretary who immediately preceded Mrs. Davis, and Mr. Alexander, the solicitor for the borough, and asked to see the borough ordinance book. They never saw it, for each time inquiry was made of these three people, he or she denied having possession of the book and stated that one of the other two had it. Neither of the supervisors could say, therefore, if the ordinance was recorded or not. Mrs. Davis did testify that it was recorded about ten days after its enactment, which was not rebutted. The court below accepted her testimony and with this we agree. Furthermore, the fact that the ordinance book could not be located does not establish that the ordinance had not been recorded therein.

The township also contends that since the court below dismissed the proceedings as to Tract No. 2, it must follow that the entire ordinance was invalid. Judge ATKINS properly stated that it would be much more conducive to orderly procedures to restrict any annexation proceeding to a single tract of land, but he also properly held that if an invalid portion is severable, the remaining portion may be sustained if the paramount intent of the ordinance can be accomplished: *Grisbord v. Philadelphia,* 148 Pa. Superior Ct. 91, 24 A. 2d 646.

In the present case there were but two properties in Tract No. 2 and neither owner joined in the petition. The argument was made that if those two owners were included in the total number of freeholders in both tracts, the number of signers exceeded a majority of that total. The court below very aptly stated: "If this were permitted a municipality could annex land against the wishes of the majority of the freeholders in that area by the simple device of making it a part of a proceeding to annex a totally unrelated area if those requesting annexation of the second area were sufficient in number to constitute a majority of the freeholders in both areas, even though, as here, none of the freeholders in the first area expressed a desire to have their property annexed. This would violate the concept of the democratic process and we do not believe that such a result was intended by the Legislature. The ordinance must then be held to be invalid as to Tract No. 2." However, it was apparent that the paramount intent of the petitioners was to accomplish the annexation of Tract No. 1.

The court below held that there were sufficient signers of the petition covering Tract No. 1, which brings us to the third question. This tract lies to the southeast side of Bypass U.S. Route 15 but includes the entire roadbed of the highway within its description. There are fifteen properties within this tract and the owners of nine properties signed the petition. In addition there are eight properties which abut the northwest side of the highway. None of the owners of those properties signed the petition. The township contends that such owners must be counted and without them the petition fails to contain a majority of the freeholders in the proposed annexed territory. It is settled law in Pennsylvania that where the side of a street is called for as a boundary in a deed, the grantee takes title in fee to the center of it if the grantor had title

to that extent and did not expressly or by clear implication reserve it: *Rahn v. Hess,* 378 Pa. 264, 106 A. 2d 159 A. 2d 14; *Taylor v. Gross,* 195 Pa. Superior Ct. 225, 171 A. 2d 613.

It follows that the owners of the properties abutting the northwest side of the highway own a fee to the center of the road, subject only to the right of way easement. It is also true that, should the highway ever be vacated, the land would revert to them: Act of February 27, 1849, P. L. 90, §3, 36 PS §2131. Thus, although the borough had no intention to annex their property, the description was so worded that a portion thereof was included. We feel that this case should be remanded to the court below to afford the petitioners an opportunity, if they so desire, to amend the description so that it will not include the northwestern half of the highway. If no amendment is made within the time allowed by the court below, the proceedings must be dismissed. If an appropriate amendment is approved by the court below, it could then affirm the annexation of Tract No. 1.

The order of the court below is vacated and the case is remanded for further proceedings in accordance with the foregoing opinion.