Mentha Corporation *v.* Zoning Board of Adjustment of the City of Philadelphia and Captree Associates, Intervening Appellee.

Argued February 10, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Judah L. Labovitz,* for appellant.

*Carl K. Zucker,* Deputy City Solicitor, with him *Matthew W. Bullock, Jr.,* First Deputy City Solicitor, *Edward G. Bauer, Jr.,* and *Levy Anderson,* City Solicitor, for appellee city.

*Edward F. Beatty, Jr.,* with him *Norman R. Bradley,* for intervening appellee.

OPINION BY JUDGE WILKINSON, March 24, 1971:

This case involves the very narrow point of the dimensions of a "lot" within the meaning of section 14-306(4) of the Philadelphia Zoning Code. Put another way, the question to be resolved is whether the area of the lot defined in section 14-306(4) includes the area of an easement which, at ground level, the owner or developer cannot use, develop or build upon. This question has been passed upon in this case by many levels and departments of the city government. Initially, it was passed upon by the Department of Streets on December 31, 1968. Next there was an opinion of the Philadelphia Solicitor's Office on March 19, 1969. This was followed by the Planning Commission making its computation of the size of the lot. Then the Zoning Board of Adjustment held a public hearing and made findings of fact and conclusions of law. An appeal followed to the Court of Common Pleas of Philadelphia. At all of these levels of decision, including a unanimous vote of the Zoning Board of Adjustment, the question has been decided in favor of appellee. This Court must affirm this decision.

The Philadelphia Code provides:

## Ordinance Provisions

"(4) *Floor Area.* No building in this district shall have a gross floor area (as defined in §14-102(25)) greater than that permitted under the provisions herein set forth:

(a) *Basic Floor Area.* Every building in this district shall be permitted a gross floor area equal to 1200% of the area of the lot. . . ." (Philadelphia Planning Code, §14-306(4), February 29, 1956.)

It also provides the following definition:

"(32) *Lot.* A parcel of land designated by its owner or developer to be used, developed, or built upon as a unit[.]" (Philadelphia Planning Code, §14-102(32), February 29, 1956.)

Captree Associates, intervening appellee, is the owner of the Philadelphia lot in question. It is bounded by 18th Street on the east, 19th Street on the west, Kennedy Boulevard on the north, and Commerce Street on the south. In 1955, all agree the lot was 72 feet by 396 feet. At that time, Commerce Street was an ordinary surface street of 20 feet. By proper ordinance, the city "widened" Commerce Street by acquiring from the owners of the lot in question a 12-foot easement for a ramp to an underground bus terminal. The easement, in addition to being 12 feet wide, has an upper and lower limit plane. The maximum height of the easement from the lower level plane is 46 feet, and the above ground portion, due to the slope, varies from 17 feet to 14 feet above the normal surface. It is appellant's position that when the 12-foot easement was granted, it reduced the lot size, under section 14-306(4), from 72 feet by 396 feet to 60 feet by 396 feet. If appellant's position were correct, the lot size would not support the floor space approved.

The ordinance defines "lot" as "a parcel of land designated by its owner or developer to be used, de-

veloped or built upon as a unit". Under the easement restriction, the owner of the fee, intervening appellee, clearly has the right to develop and use the full 72 feet by 396 feet above the 17-14 foot slope. This, in itself, should conclude the matter. Appellant presses that appellee cannot be considered to be building upon any part of the lot over which he does not have the right to obstruct all of the surface. Neither the city, the court below, nor this Court takes such a narrow view. Appellant contends that if appellee prevails, many owners of land in Philadelphia could compute the size of their lots for the purpose of section 14-306 (4) to the center line of the street. We do not agree. In the ordinary street, including the original 20 feet of Commerce Street, the abutting owners do not control the air space as is the instance above this 12-foot section which lies higher than 17-14 feet.

It is not surprising that counsel have been unable to find cases squarely in point and our research has not uncovered any. Appellant relies on only one case as persuasive. This is *Matter of Brause*, New York Law Journal 13 (December 5, 1968). In our view, that case is quite different from the case at bar. Indeed, in one sense, the facts are just opposite and, therefore, require an opposite result. There the owner of the "lot" acquired easements of light and air over the property of adjoining owners. He attempted to use the expanded area, over which he had easements of light and air, in computing the size of his lot. He had no ownership of the land below. Here, appellee owns the land below and it was he who granted an easement. Surely, the New York court in the *Brause* case would not have held that the owners of the land beneath the easements of light and air could not have used that land area in computing the size of their lots.

Accordingly, we affirm the judgment of the court below.