Louise V. Heller et al., Appellants *v.* Borough of South Williamsport, Appellee.

Argued November 15, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Clifford A. Rieders,* with him *Stuart, Murphy, Smith, Mussina, Harris & Rieders,* for appellants.

*Robert C. Wise,* for appellee.

OPINION BY JUDGE WILKINSON, JR., December 13, 1979:

In this equity action, instituted in the Lycoming County Court of Common Pleas, appellants (plaintiffs) sought to enjoin the Borough of South Williamsport (Borough) from opening a section of Curtin Street over land which plaintiffs' property abuts. Following trial on the merits, the common pleas court granted the requested relief with respect to some of the land involved but in other respects denied the relief plaintiffs sought. We affirm.

The facts necessary for the disposition of this appeal are undisputed by virtue of an Agreed Statement of Record filed by the parties on February 1, 1978. Curtin Street is an existing north-south Borough Street; the dispute here concerns the construction of that part of Curtin Street between Sixth and Seventh Avenues.

The proposed link involves the use of two separate parcels of land. The first of the two parcels, a strip of land approximately 25 feet in width, has been historically known as Dangle Avenue.[1] Apparently laid out as a part of the "Edgewood Addition" to the Borough, at least as early as 1898, the chancellor rejected the Borough's argument that this land constituted a public way by virtue of historical user. The chancellor found instead that since the public had not made use of Dangle Avenue the "adjoining owners would appear to be owners of this strip of land, to the center line thereof, subject to any public or private easement rights thereover."[2] The second parcel of land, lying immediately to the west of Dangle Avenue, was purchased by the Borough in 1956 from American Legion Post No. 617.

The equity court ordered and decreed that the Borough be enjoined from proceeding with construction on the eastern half of the strip of land identified as Dangle Avenue, but as to the westerly portion of Dangle Avenue and the American Legion purchase the Borough could proceed as planned since it was owner of the land.

On May 5, 1927, the section of Curtin Street now in controversy was laid out and accepted by the Borough. Plaintiffs argue that the Borough is now precluded from going forward with its plans because there was no public use of the street for 21 years following its acceptance. In support of their position plaintiffs

---

[1] This street is also referred to as Dangles Avenue and Dangle Lane.

[2] It is settled law in this Commonwealth that where the side of a street is called for as a boundary in a deed, the grantee takes title in fee to the center of the street if the grantor had title to that extent and did not expressly or by clear implication reserve it. *Carroll Township Annexation Case*, 208 Pa. Superior Ct. 187, 222 A.2d 612 (1966).

point to Section 1724 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46724 which provided the following: "Whenever any street shall have been laid out and shall not have been opened to, or used by the public for a period of twenty-one years, such street shall not thereafter be opened without the consent of all of the owners of the abutting real estate."[3]

There is no dispute that Curtin Street, between Sixth and Seventh Avenues, lay unused by the public for the statutory period. The question we have been asked to decide is what effect Section 1724 of The Borough Code should have in this context. For an understanding of a statutory provision such as this we must turn to decisions involving the predecessor of Section 1724.[4] The purpose of legislation of this sort is to relieve land, upon which streets have been laid out but not used, from the servitude imposed. *Rahn v. Hess,* 378 Pa. 264, 106 A.2d 461 (1954).

> After the statutory period, therefore, if no action has been taken to subject the street to public use, the servitude imposed by the owner upon his land for such use is removed, and the street is of no force or effect as a public highway. The land is discharged from such servitude and the dedicated portion of it has entirely lost its character as a public street.

*Scott v. Donora Southern Railroad Co.,* 222 Pa. 634, 642, 72 A. 282, 284 (1909). This case is therefore to be decided as though the pertinent portion of Curtin Street had never been dedicated.

---

[3] Some of the language of this provision was changed by the Act of April 28, 1978, P.L. 76 but since the changes are not for purposes of this appeal material we have set out the statute as it existed during the time relevant to this appeal.

[4] Act of May 9, 1889, P.L. 173.

We are in agreement with the chancellor, Judge RAUP, that the power of a borough to take over and open "any street, or portion thereof . . . by the exercise of its rights under the power of eminent domain. . . ." found in Section 1702 of the Borough Code, 53 P.S. §46702 makes inescapable the conclusion that, where the Borough already has title to the land, the Borough may in its discretion open a street without the consent of abutting property owners.

Accordingly, we will enter the following

## ORDER

AND Now, December 13, 1979, the order of the Court of Common Pleas of Lycoming County at No. 74-1324, Civil Action—Equity, dated November 4, 1977 dismissing the exceptions of the plaintiffs to the Decree Nisi entered on June 29, 1977 at the docket number above is hereby affirmed.