## Borough of Kulpmont v. Woytowich

732

*Robert B. Sacavage,* for plaintiff.
*Jack C. Younkin,* for defendant.

DAVIS, *S.J.,* August 3, 1983 — The Borough of Kulpmont (hereinafter borough) has brought an action for declaratory judgment against defendants requesting that this court determine the ownership of a parcel of land known as "Tenth Street." The basic facts, all of which are agreed upon by the parties, are as follows:

The Susquehanna Coal Company (hereinafter Coal Company), on October 16, 1964, granted to Leonard and Ann Wydra two parcels of land: one on the east side of the dedicated Tenth Street and the other on the west side of the same street. This street is dedicated but unopened. The Wydras conveyed the west side parcel to defendants, John and Mary Woytowich, Jr. in 1974. In 1978, the Wydras conveyed the east side parcel to the other defendants, Joy Keepe and Leanne Bjorkland.

The dispute in this case arose when the Coal Company conveyed the portion of land dedicated as Tenth Street to the borough in 1980.

The borough in claiming ownership of Tenth Street relying upon this deed, while defendants are claiming that their deeds in 1974 and 1978 gave each of them title to the center of the street.

The deeds beginning with the Coal Company and ending with defendants all contain descriptions of their property which include beginning points "on the (Northeast of Northwest) corner of Tenth Street, 50 feet wide, and Ash Street, 30 feet wide"; and boundaries running "along the (East of West) side of Tenth Street." The Coal Company's 1964 deed to defendants' predecessor in title the Wydras, contains on page 2A a map showing the two parcels with their corner marks situated on the edge, or side, of Tenth Street.

One final fact which is necessary to the resolution of this dispute is a clause in the Coal Company's 1964 deed to the Wydras which was but one part of a mostly "preprinted" or "form" deed used by the Coal Company:

The purchasers of the above described land do, by the acceptance of this conveyance, thereby agree for themselves, their heirs and assigns, to take the said land subject to the burden and encumbrance of any and every existing easement of servitude upon, over or under the surface of said land, whether the existence or use thereof is or is not upon and visible, known or unknown to said purchasers, and also agree that said land is hereby conveyed subject to the burden and encumbrance of each and every such open and visible or invisible, known and unknown easement or servitude, and that lack of actual notice of the same will not and shall not constitute a breach by Grantor of any express or implied covenant against encumbrances.

This deed was for the "surface or right of soil" and reserved ownership of and right of access to, to the coal and minerals below the surface.

The narrow issue we must decide is: Do Defendants, by virtue of their deeds, own to the center of Tenth Street?

The borough agrees with the general rule of law that where a dedicated street is called for as a boundary, title to the land passes to the center of the street. On this there is sufficient authority. Rahn v. Hess, 378 Pa. 264, 106 A.2d 461 (1954); Paul v. Carver, 26 Pa. 223 (1856). However, the borough argues that the 1964 deed from the Coal Company falls under the exception that title to the center of a street is negated if there is an express exception in the deed, a clear and unequivocal declaration, or certain and immemorial usage. Rahn and Paul. Specifically, the borough sets forth the following arguments: (1) That there is general language of reservation in the 1964 deed which can be construed to include the reservation of the street by the grantor Coal Company; (2) That the map in the 1964 deed shows the edge of the street as the boundary includidng the corner pins which are located on the edge of the street; (3) That there involves a public interest and, therefore, any interpretation of the deed should favor the public; and (4) That the reason for the rule in Rahn and Paul will be fulfilled by the borough when they open Tenth Street.

As to the borough's first argument, we see no "clear and unequivocal declaration" or "express exception" in the original 1964 deed from the Coal Company. To negate a specific presumption in the law, one needs specific language. Looking at the reservation language reveals that it merely states that the purchasers of the land take the land subject to the burden and encumbrance of all easements and servitudes on or under the land. Streets or roads are nowhere mentioned. This language does not even come close to a clear, express and unequivocal declaration that Tenth Street was not part of the property conveyed.

We need only glance at the entire deed in order to ascertain the true intent of the reservation in this deed. The deed is mostly a preprinted form of which this reservation is but a part. "Susquehanna Coal Company" is printed as the grantor. It is obvious that this printed deed was designed to cover the typical sale of coal land in that only the surface rights were conveyed away, with many rights pertaining to mining operations reserved by the Coal Company. The language cited by the borough as supporting their claim is merely a boilerplate clause in a standard preprinted coal land deed.

The borough's second argument is that the map in the deed shows the street as a boundary, including the corner pins as being on the edge of the street. We would not call the printing of corner pins on a map "certain and immemorial usage." Furthermore, Paul holds that even if the measurements in a deed bring the line only to the edge of the street, it is not sufficient to overcome the presumption which carries title to the center of the road. The Maryland case which the borough cites as holding that fixed monuments can rebut the presumption is unpersuasive to us in light of this specific rule in Pennsylvania as to measurements in a deed being insufficient to rebut the presumption. In fact, the court in Paul refers to a street as a monument.

Thirdly, in order to bolster the first two arguments, the Borough cites Chapleski v. Commonwealth of Pennsylvania, Department of Highways, 44 North'd L.J. 1 (1972) for the principle that where as public interest is affected, an interpretation which favors the public is preferred.

We question the applicability of Chapleski to the case at bar. In Chapleski, the issue was the extent of an interest reserved by the county in a deed wherein

they were the grantors. In the instant case, the interest of the borough is only periphery, or secondary. At the heart of the problem is the determination of the extent of the interest transferred from one private party (the Coal Company) to another (The Wydras).

In addition, Chapleski is not useful here because it is obviously used to tip the sclaes of justice when other rules of law have failed give light and meaning to ambiguous language subject to more than one equally plausible interpretation. We hold that the principles of law previously discussed as applied to the instant facts result in a clear resolution of the issue. Even if the language was ambiguous and the issue a close one, we feel the better rule of law in this case is the one which states that where party chooses the language which he put into a form contract, the language is interpreted against him. See Hartford Fire Insurance Co. v. Foulke, 134 F.Supp. 435 (1955) and cases cited therein.

Finally, the borough argues that the reason for the legal presumption in Paul and Rahn is to insure that the purchaser of land along the side of a street will not be deprived of a means of entry or exit from his land, and, that because the borough intends to open the street, the purpose of the presumption will be fulfilled and therefore it need not be applied.

This rule of law was considered by the Paul court to be so fixed even back in 1856 that no other reason need justify it except long-standidng use:

If no other reason could be assigned in support of this rule of construction, the general understanding of the people, and the extensive and immemorial practice of claiming and acquiescing in such rights, ought to have great weight. Paul, at 225. The Paul rule is still acknowledged by our courts today. See footnote 2 in Heller v. Borough of South Williamsport,

47 Pa. Commw. 642, 644, 408 A.2d 1172, 1173 (1979).

While we do acknowledge the reason for the rule as stated by the borough, we disagree with their application of it here. In effect, the borough is arguing that because the purpose will be fulfilled years after the original conveyance, the conveyance should be presently construed to have excluded the street. The purpose of the Paul rule, however, is to create a presumption which would have carried out the obvious intent of the original grantor and grantee at the time of the conveyance:

A long strip of ground fifty or one-hundred-feet wide and perhaps several miles in length, without any access to it except to each end, is a description of property which it is not likely either party ever contemplated as remaining in the grantor of the lots on each side of it. Influenced by there considerations, the law has carried out the real intention of the parties by holding that title passed to the center of the street subject to the right of passage. Paul, at 225. We do not think it proper to allow either the present intention of the borough to open the street or a recent conveyance by the Coal Company to negate a legal presumption or an intent which arose or existed some sixteen years earlier in the original 1965 conveyance by the Coal Company to the Wydras.

We find that the rule of law in Paul applies to the instant case and, therefore, title of Tenth Street lies wholly in defendants who are the abutting owners. The Coal Company never has title in Tenth Street when they attempted to convey it to the borough in 1980 and the conveyance is, therefore, a nullity.

In accordance with the aforegoing opinion of this Court, and pursuant to Pa. R.C.P. Nos. 1601(a) and 1517, we enter the following:

## DECREE NISI

And now, this August 3, 1983, it is decreed that defendants, John Woytowich, Jr. and Marie Louise Woytowich, his wife; Joy Annette Keepe and Leanne Bjorkland, have title to the center line of Tenth Street pursuant to their deeds from the Wydras and that the deed from The Susquehanna Coal Company to the Borough of Kulpmont, dated October 14, 1980, contained in Deed Book Volume 576 on Page 239 is hereby declared null and void. The parties shall have ten days after notice of this decree to file exceptions.