499 A.2d 306

**Norvil C. ULRICH, Martin Lesko, Appellants,**

**v.**

**Ernest MACON, Alexander Whitlock, Appellees.**

Superior Court of Pennsylvania.

Argued April 30, 1985.

Filed Aug. 9, 1985.

Reargument Denied Oct. 22, 1985.

Spero T. Lappas, Harrisburg, for appellants.

of course, that whatever "promises" appellant relied upon are in any event too indefinite to enforce.

Nathan H. Waters, Harrisburg, for appellees.

Before TAMILIA, MONTGOMERY and ROBERTS, JJ.

MONTGOMERY, Judge:

The consolidated appeals in this case arise from a defamation action. The case was tried before a jury, which rendered verdicts in favor of both Plaintiff-Appellants against both Defendant-Appellees. Upon consideration of the post-trial motions filed by the defense, the lower court, by Order dated June 26, 1984, granted judgment n.o.v. for Defendant Alexander Whitlock and a new trial to the Defendant, Ernest Macon. Thereafter, by Order dated July 18, 1984, the lower court directed the striking of the verdict as to Defendant Whitlock.

The record shows that all parties to this action are members of the Police Department of the City of Harrisburg. The genesis of the suit was a raid at the location of a suspected speakeasy. The raid was based upon an undercover investigation conducted by Defendants Whitlock and Macon. The raid did not produce an expected large quantity of illicit drugs and money purportedly derived from the sale of such drugs and liquor on the premises.

After the raid, Defendants Whitlock and Macon reported to higher authorities in the Police Department that fellow officers Norvil C. Ulrich and Martin Lesko, the Plaintiff-Appellees, had improperly taken money and drugs from the premises while participating in the raid. Evidence was also produced at the trial to show that Defendant Macon had advised a group of new police recruits that Plaintiff Ulrich was not to be trusted, and that he was a thief. Further, testimony was presented that Macon made public suggestions to Ulrich that the latter was going to be in the penitentiary.

With regard to the report that was made to higher police authorities, the Defendants pointed out that rules and regulations of the Police Department mandated that knowledge of violations of laws, ordinances and Department rules had

to be reported to such supervisory officers. It was maintained that such rules and regulations rendered the Defendants' reports to their superiors privileged, and thus provided a complete defense to any defamation claim.

The Plaintiffs presented evidence to support their position that the reports of their misconduct were not only untrue, but that the Defendants were aware that they were false when the reports and statements were made. Plaintiffs contended that the Defendants' conduct had been motivated by malice.

At the conclusion of the Plaintiffs' case, a defense motion for compulsory nonsuit was denied. Following the presentation of Defendants' evidence, their motion for a directed verdict was also denied by the court. The jury rendered a verdict of $20,000, to be divided equally by the Plaintiffs. Following the lower court's ruling on Defendants' post-trial motions, the instant appeal was filed.

In its Opinion, the lower court explained the rationale for its actions. First, it noted that it had improperly failed to rule on the issue of privilege, but rather instructed the jury to determine whether the Defendants' reports to their superior officers was privileged. The court further explained that in ruling on the post-trial motions, it determined that such reporting was privileged. It therefore granted the judgment n.o.v. as to the reporting, with respect to Defendant Whitlock. Because of the possibility that the jury based its verdict against Defendant Macon on the conclusion that the reports to the police supervisors were not privileged, the lower court granted a new trial, limited to the claim of Plaintiff Ulrich against Defendant Macon, regarding the statements to recruits and the other purported public comments made by Macon to Ulrich regarding future residence in a penitentiary.

We are not aided in our review of this case by a significant effort or thorough presentation by the Appellants in their brief. The entire written argument presented by counsel for Appellants consists of but one and a half pages. In whole, it merely asserts that the jury had ample evidence

upon which it could have reached its verdict. Specifically, the Appellants argue that the lower court had a duty to examine the evidence in a light most favorable to the verdict winner, and that the court's decision was "... internally inconsistent and at odds with the factual findings of the trial jury".

We do not find that the Appellants have raised an argument justifying reversal. The lower court's action was not based upon the conclusion that the jury lacked sufficient evidence upon which to base its verdict. Rather, the lower court's order was based upon its decision that it had erred in leaving to the jury the question of whether the reports to superior officers by the Defendant Appellees was privileged.[1] The lower court found that such reports were privileged and that the Appellants were therefore not entitled to recover damages from the Appellees in a defamation action as the result of such statements.

Because the lower court's rulings on the question of privilege were not challenged by the Appellants on this appeal, we are precluded from ruling upon them. Thus, our rejection of the Appellants' appeal may not be read as an affirmance of the lower court's holding on the issues of privilege presented. In that regard, we note that we do not pass upon questions of whether the Defendants' reports to their superiors were in fact privileged, and if so, whether they were absolutely privileged or only conditionally privileged, and if the latter, whether the element of possible malice was correctly handled in the disposition of this case by the lower court.[2] We are constrained to avoid such

1. On the subject of the trial court's duty to determine whether a privilege applies to a defendant's publication of defamatory information, see *Corabi v. Curtis Publishing Co.*, 441 Pa. 432, 442, 273 A.2d 899, 904 (1971).

2. Regarding all of these issues, see *DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978); *Braig v. Field Communications*, 310 Pa.Super. 569, 456 A.2d 1366 (1983), *cert. denied*, 466 U.S. 970, 104 S.Ct. 2341, 80 L.Ed.2d 816 (1984); *Zdaniewicz v. Sands*, 288 Pa.Super. 420, 432 A.2d 231 (1981); *Barto v. Felix*, 250 Pa.Super. 262, 378 A.2d 927 (1977), *appeal dismissed*, 487 Pa. 455, 409 A.2d 857 (1980).

issues because they have not been the subject of complaint by the Appellants.

The orders of the lower court granting judgment n.o.v. and a new trial are affirmed.