548 A.2d 698

Robert Brozovich, Arlene Brozovich, Appellants *v.*
Circle C Group Homes, Inc. et al., Appellees.

*Robert H. Kutz,* for appellants.

*Richard J. Mills,* with him, *Louis C. Long,* and *Gregory F. Buckley, Meyer, Darragh, Buckler, Bebenek & Eck,* and *James F. Israel, Israel & Wood, P.C.,* for appellees, Circle C Group Homes, Inc., Reid Carpenter, Charles M. Faish, Jeffrey D. Sivek and Caroline S. Getchell.

*David M. Neuhart, Dickie, McCamey & Chilcote, P.C.,* with him, *Robert A. Weinheimer, Murphy, Taylor & Adams, P.C.,* for appellees, County of Allegheny Children and Youth Services and Peggy Kindler.

*Mark P. Cancilla,* Child Advocacy, for appellee, Toni Marie Landino.

OPINION BY SENIOR JUDGE NARICK, October 14, 1988:

Robert and Arlene Brozovich (Appellants) have appealed from an order of the Court of Common Pleas of Allegheny County granting judgment on the pleadings with respect to all of the Appellees. Appellees are Circle C Group Homes, Inc. and four of its employees (Circle C Appellees), Children and Youth Services of Allegheny County and one of its employees (CYS Appellees) and Toni Marie Landino (Landino).

This suit arose as a result of Landino's allegations of child abuse against Appellants, who were her foster parents from March 13, 1983 to January 10, 1985. The

Circle C Appellees filed a child abuse report under the Child Protective Services Law (Law)[1] with the CYS Appellees sometime after Landino had left the foster home. The suit alleged that all Appellees were involved in preparing a false child abuse report, not made in good faith as contemplated by the Law and that the intent of filing the report was to cause Appellants to lose their "right, capacity and license" to act as foster parents. Amended Complaint, ¶ 16. This appeal follows the trial court's grant of judgment on the pleadings in favor of all Appellees.

The appellate standard of review where a trial court has granted a motion for judgment on the pleadings has been summarized as follows:

> '[A] motion [for judgment on the pleadings] is in the nature of a demurrer; all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him.'

*Cantwell v. Allegheny County,* 506 Pa. 35, 37, n.1, 483 A.2d 1350, 1351, n.1 (1984) (citation omitted). Further, we may only consider the pleadings themselves and any documents properly attached thereto.[2] *Bata v. Central-Penn National Bank of Philadelphia,* 423 Pa. 373, 224 A.2d 174 (1966), *cert. denied,* 386 U.S. 1007 (1967).

All Appellees raised the defense of immunity in new matter attached to their answers to Appellants' amended complaint. Because our disposition of the case differs with respect to each group of Appellees, we will discuss each separately.

---

[1] Act of November 26, 1975, P.L. 438, *as amended,* 11 P.S. §§2201-2224.

[2] Accordingly, we have ignored excerpts from a transcript of a telephone call between Appellants' attorney and Landino improperly included in Appellants' brief.

The CYS Appellees raised both governmental immunity under 42 Pa. C. S. §8541 and immunity under Section 11 of the Law, 11 P.S. §2211. The trial court agreed that these Appellees were entitled to immunity on both grounds. Because Appellants have not appealed from that portion of the trial court's order granting immunity under 42 Pa. C. S. §8541 by failing to raise or brief the issue in this Court, we are precluded from ruling upon its propriety and must affirm the trial court's grant of judgment on the pleadings in favor of the CYS Appellees. *See, e.g., Ulrich v. Macon,* 346 Pa. Superior Ct. 56, 499 A.2d 306 (1985).

In their new matter, the Circle C Appellees relied on immunity under Section 11 of the Law. That section provides:

> Any person, hospital, institution, school, facility or agency participating in good faith in the making of a report, cooperating with an investigation or testifying in any proceedings arising out of an instance of *suspected* child abuse, . . . shall have immunity from any liability, civil or criminal, that might otherwise result by reason of such actions. For the purpose of any proceeding, civil or criminal, *the good faith of any person required to report pursuant to section 4 shall be presumed.*

11 P.S. §2211 (emphasis added). Section 4 of the Law, 11 P.S. §2204, specifies who is required to report suspected child abuse:

> (a) Any persons who, in the course of their employment, occupation, or practice of their profession, come into contact with children shall report or cause a report to be made in accordance with section 6 *when they have reason to believe,* on the basis of their medical, professional, or other training and experience, *that a child*

*coming before them* in their professional or official capacity *is an abused child.*

. . .

(c) Persons required to report under subsection (a) include . . . foster care worker[s]. . . .

(Emphasis added.) These Appellees argue that, as persons required to report child abuse, they are entitled to immunity because the good faith of their actions is statutorily presumed. Appellants counter that, because they have alleged bad faith in their complaint, there is a factual issue present which renders the grant of judgment on the pleadings inappropriate. From our reading of their complaint, we must disagree.

Appellants have generally alleged a conspiracy between Landino and all the other Appellees to deprive them of their livelihood as foster parents and ruin their reputations by filing a false report of child abuse. Appellants allege that these Appellees "knew or should have known that any statement made by Tony Marie Landino was false . . . ." Amended Complaint ¶ 16(b). However, the Law *requires* the Circle C Appellees to immediately report *suspected* abuse. The urgency of prompt reporting is stressed throughout the Law's provisions. (*See e.g.,* 11 P.S. §§2202, 2204, 2206). To adopt Appellants' position that these Appellees were somehow required to verify Landino's allegations of abuse prior to reporting them runs contrary to the express purpose of the Law. (*See* 11 P.S. §2202). The Act does not envision any pre-reporting investigation, and, in light of the mandatory reporting procedure and the Law's presumption of good faith, we are unwilling to presume that the failure to conduct such an investigation was in bad faith.[3] Accordingly, we will affirm the

---

[3] In *Roman v. Appleby,* 558 F. Supp. 449 (E.D. Pa. 1983), the federal district court for the eastern district of Pennsylvania reached a similar conclusion on analogous facts. It held that "the good faith

grant of judgment on the pleadings in favor of the Circle C Appellees.[4]

Were it not for the fact that Landino does not fall within the Section 11 definition of those whose good faith is presumed, *i.e.*, persons who are required to report abuse, our disposition with respect to her would be the same. However, while she clearly would be entitled to immunity from suit if her good faith in reporting abuse is established, the lack of a presumption to that effect renders this a factual question, fairly raised by Appellants' complaint, which cannot be resolved via a motion for judgment on the pleadings. Accordingly, we are constrained to reverse the trial court's order with respect to Landino, and remand for further proceedings.[5]

---

of [the professional who was required to report abuse] must be judged against an objective standard rather than alleged motives or allegations of maliciousness." *Id.* at 549. It concluded that such allegations were insufficient to overcome the statutory presumption of good faith.

[4] A second argument advanced by Appellants is that because Landino was 19 years of age when she made the report of abuse, the Law is inapplicable because it only applies to children under age 18. It is apparent from the face of the complaint, however, that Landino was in Appellants' foster care for almost one year before turning 18. The allegations of abuse, summarized in the complaint, are general in nature and do not refer to a specific time period. In the context of an expungement proceeding where the child delayed two years before reporting the abuse, we stated: "[w]e find nowhere in the statute any suggestion that the legislature intended to create a statute of limitations for reports of child abuse." *Cruz v. Department of Public Welfare*, 80 Pa. Commonwealth Ct. 360, 368, 472 A.2d 725, 730 (1984). Similarly here, the Law grants immunity to those reporting child abuse (as defined in Section 3, 11 P.S. §2203) without regard to the age of the victim when the abuse is reported.

[5] While we lament this curious result, where the very person sought to be protected by the Law is subjected to suit, we

## ORDER

AND NOW, this 14th day of October, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed in part and reversed in part and the matter is remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

This decision was reached prior to the resignation of Judge MACPHAIL.

---

nonetheless recognize that the potential for abuse of the Law's protections does exist. Further, we may not read into the Law a protection the legislature has failed to provide for.