551 A.2d 373

Veronica Feeley, Appellant *v.* Borough of Ridley Park, Appellee.

Argued November 4, 1988, before Judges BARRY and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Edward J. Devery,* for appellant.

*Gregory G. Stagliano,* with him, *Ronald J. Klimas;* Of Counsel: *Eckell, Sparks, Levy, Auerbach, Monte & Moses,* for appellee.

OPINION BY JUDGE COLINS, December 9, 1988:

Appellant, Veronica Feeley appeals an order of the Delaware County Court of Common Pleas which was entered on December 15, 1987. This order declared appellant's house a public nuisance and required appellant to *inter alia:* keep no more than four cats at one time; to have the cats in her possession neutered, vaccinated, and examined by a veterinarian and; have her home professionally cleaned and deodorized.

In July, 1985, the Borough of Ridley Park (Borough) filed an action in equity against appellant seeking a preliminary injunction contending that the conditions of appellant's home constituted a nuisance. The Borough's complaint alleged that appellant's home was in a deplorable state of disrepair, lacking proper plumbing, electricity, or water. In addition, the complaint alleged that appellant maintained approximately eighteen cats on her premises and, because of appellant's failure to adhere to proper animal husbandry, cat feces were present in every room, on every floor, and on the furniture; the odor of cat urine overpowered the premises; and that fleas, flies, and ants infest the entire house, all of which result in a terrible odor emanating from appellant's home.

A preliminary injunction was entered on August 6, 1985, which ordered the appellant to eliminate the odors coming from her home by having the premises fumigated no later than August 19, 1985. The order authorized the Borough to obtain a veterinarian for the purpose of examining the cats on appellant's premises

and also authorized the Borough to enter appellant's premises for a general inspection.

While it appears that appellant initially acted upon the August 6, 1985 order, she again became lax in her housekeeping and, on August 9, 1987, the Borough petitioned the court to find appellant guilty of contempt. At the hearing, the Borough presented witnesses who testified that as a result of the noxious and overpowering odors emanating from appellant's home, they were forced to keep their windows closed. Thus, on August 25, 1987, the Chancellor issued an order requiring appellant to deodorize and clean her home within one week; submit her home to monthly inspections by the Borough's health officer; submit her cats to an inspection by an independent veterinarian; and not increase the number of cats in her possession beyond thirty. Following the inspection and subsequent report by Dr. Peter Herman, V.M.D., the court entered its final order on December 15, 1987, which appellant now appeals.

We are limited in our review of this action to a determination of whether the Chancellor's findings of fact are supported by substantial evidence, whether an error of law has been made, or whether the Chancellor abused his discretion. *Londonderry Township v. Geyer,* 113 Pa. Commonwealth Ct. 176, 537 A.2d 377 (1988). Moreover, the presence of evidence contrary to the Chancellor's findings does not make them unsupported since issues of credibility and evidentiary weight are within the exclusive province of the Chancellor. *Id.*

The issues presented by appellant for our determination are whether the Chancellor's decision that appellant's house constitutes a public nuisance is supported by substantial evidence and whether the Borough has authority to abate the nuisance in the manner ordered by the Chancellor.

This Court has noted:

' "In legal phraseology, the term 'nuisance' is applied to that class of wrongs that arise from the unreasonable, unwarrantable, or unlawful use by a person of his own property, real or personal, or from his own improper, indecent, or unlawful personal conduct, working on [sic] obstruction or injury to a right of another, or of the public, and producing such material annoyance, inconvenience, discomfort or hurt that the law will presume a consequent damage. . . ." '

*Groff v. Borough of Sellersville,* 12 Pa. Commonwealth Ct. 315, 318, 314 A.2d 328, 330 (1974) (*quoting Kramer v. Pittsburgh Coal Company,* 341 Pa. 379, 380-81, 19 A.2d 362, 363 (1941)). Thus, to constitute a public nuisance, the conduct must be an inconvenience or troublesome offense that annoys the whole community in general, and not merely some particular person. *Id.*

The evidence presented by the Borough in the instant matter certainly indicates appellant's home constitutes a public nuisance. For example, the general comments provided by Peter H. Herman, V.M.D.,[1] following a *prearranged* inspection of appellant's home on November 20, 1987, noted that there were not enough litter boxes for the number of cats in appellant's house; the litter boxes had not been cleaned for many days; litter, feces and urine were observed on the floors of multiple rooms; the environment of the house constituted a poor

---

[1] Appellant contests Judge HOWARD's appointment of Dr. Herman as the veterinarian to inspect her cats. Appellant maintains that Dr. Herman was unable to render an impartial opinion since he was selected by the Borough. No evidence was presented, however, which would indicate that Dr. Herman has previously worked for the Borough, or which would explain why Dr. Herman would not be impartial in this matter. Accordingly, we find nothing arbitrary nor improper with the selection of Dr. Herman.

and unhealthy environment for cats as well as appellant; there were numerous flies in every room; and, a very strong ammonia odor was smelled in every room. The doctor found that appellant's residence was a dirty, moldy, dark, and malodorous place. Dr. Herman concluded his report by opining that on the day of his inspection, the unsanitary condition of appellant's home rendered it unfit for both feline and human habitation.

In addition, evidence was presented to the Chancellor that neighbors who live not only next door to appellant but also those who live down the block and around the corner were bothered by the noxious odors emanating from appellant's home. Since 1985, the residents of Ridley Park have complained about the conditions at appellant's home. Still, despite the order of the trial court entered August 6, 1985, appellant has failed to maintain her cats and her house in such a manner as to not offend the neighbors in her community.

Accordingly, we find that appellant's use of her property is both unwarrantable and unreasonable. The Borough has demonstrated by substantial evidence the deplorable conditions of appellant's home, as well as the fact that appellant's home constitutes a public nuisance.

Having concluded that appellant's home does, in fact, constitute a public nuisance, we turn now to the determination of whether the Borough has the authority to abate the nuisance in the manner prescribed by the Chancellor. In the instant matter, the Chancellor specifically found: "The Borough plainly in this case has the authority to act." Yet, in her appeal, appellant asserts that because the Chancellor did not declare that her pets or number of pets creates a nuisance, the Borough lacks the authority to issue an order limiting the number of cats maintained on appellant's property.

Section 1202 of The Borough Code,[2] enumerates the specific powers of Boroughs. Included within those powers is Section 1202(5),[3] which provides that the Borough may:

> [P]rohibit and remove any nuisance, including but not limited to accumulations of garbage and rubbish and the storage of abandoned or junked automobiles and . . . prohibit and remove any dangerous structure on public or private grounds, or . . . require the removal of any such nuisance or dangerous structure by the owner or occupier of such grounds, in default of which the borough may cause the same to be done, and collect the cost thereof, together with a penalty of ten per cent [sic] of such cost, in the manner provided by law for the collection of municipal claims, or by action of assumpsit, or may seek relief by bill in equity.

We find appellant's argument, with respect to the Borough's authority to act in this matter, to be meritless. The low level of animal husbandry to which appellant adheres certainly contributes to the foul odors of which the neighbors complain. Moreover, the court afforded appellant the opportunity to keep as many animals as she desired in its 1985 order, but appellant was unable to properly care for the animals so as to not offend the community. The Borough merely seeks to abate the nuisance which appellant herself failed to abate. Thus, we conclude that the Chancellor's order is directed toward abating the nuisance and is neither unduly harsh nor capricious.

Accordingly, the order of the Chancellor is affirmed.

---

[2] Act of February 1, 1966, P.L. (1965), 1656, *as amended,* 53 P.S. §46202.

[3] 53 P.S. §46202(5).

## ORDER ·

AND NOW, this 9th day of December, 1988, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.