Charles F. MORGAN and Sandra L. Morgan, his wife, Appellants,

v.

William M. RICHTER and Eileen C. Richter, his wife, and Harborcreek Township.

Charles F. Morgan and Sandra L. Morgan, his wife, Appellants,

v.

William M. Richter and Eileen C. Richter, his wife, and Harborcreek Township.

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1998.
Decided Feb. 5, 1999.

**4.** 24 P.S. § 13–1301.

**5.** 24 P.S. § 13–1305.

**6.** 24 P.S. § 13–1306.

James R. Fryling, Erie, for appellants.

Robert C. Ward, Erie, for appellee, Harborcreek Twp.

Evan C. Rudert, Erie, for appellees, William and Eileen Richter.

Before COLINS, President Judge, FLAHERTY, J. (P.), and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

In these consolidated cases, Charles Morgan and his wife Sandra (collectively "Morgan"), appeal from orders of the Court of Common Pleas of Erie County. We affirm.

The facts that give rise to this appeal are as follows. In 1968, Morgan purchased from Winfred J. Hadberg a house and the land upon which it is located. The house and land are located near but do not directly abut Joyce Street Extended. In 1972, Morgan bought additional land. The grantor in this 1972 deed is the First National Bank of

Pennsylvania as executor of the estate of A.C. Hadberg who was Winifred's father-in-law. In 1992, Morgan built a new home further down from the 1968 home. The 1968 home is now owned by Morgan's son and daughter-in-law, the Loefflers. The only access to both of these homes is by way of Joyce Street Extended.

The trial court found that in 1979, the Richters purchased property from "Dennis Clifford Hadberg and Grace Nell and R.L. Bornschein[.]" (Trial Court slip op. at p. 2). The Richters' property is immediately adjacent to and north and west of the Morgan property. From the description of the trial court, it appears that the Richter property lies between the Morgan property and Joyce Street Extended. Thus, Morgan must cross over the Richter property to get to Joyce Street Extended.

The trial court found that Joyce Street Extended has been maintained (snow-plowed, graveled, graded and ditched) by Harborcreek Township (Harborcreek) at least since Morgan began living there in 1968. In addition, the trial court found that Morgan ran two businesses from his home and that business customers as well as private individuals used Joyce Street Extended in order to come to the Morgan home and business. On occasion, students used Joyce Street Extended to access property beyond the Morgan home for field trips. Mail and other deliveries were made via Joyce Street Extended and it was used by state police as a turn-around. Lastly, the trial court determined that it was undisputed that Morgan has an easement over the Richters' property so as to access Joyce Street Extended.

Morgan originally initiated a suit in equity seeking a declaration that Joyce Street Extended was a public roadway. Morgan also initiated a separate suit in equity against the Richters seeking to enjoin them from trespassing upon the Morgan's property.

The trial court consolidated the two cases, heard evidence and issued its rulings. The trial court determined that Mr. William Richter committed a trespass upon the Morgan property by redirecting a stream from the Richter property onto the Morgan property, by removing trees from the Morgan property and by replacing a fence that is partially on the Morgan property. The trial court further determined that Morgan did not establish the amount of damages caused by Mr. Richter's trespass and therefore awarded only nominal damages in the amount of $1.00.

The trial court also found that Morgan failed to establish that Joyce Street Extended is a public street. From these rulings of the trial court, Morgan appeals.[1] Appellate review of a final decree in equity is severely restricted and the Court will not reverse if any apparently reasonable grounds exist for the chancellor's actions. *See Siegmond v. Duschak*, 714 A.2d 489 (Pa.Cmwlth. 1998). Our review is limited to determining whether the chancellor committed an error of law or abused its discretion or whether the findings of fact are not supported by the evidence. *See Hostetter v. Hoover*, 378 Pa.Super. 1, 547 A.2d 1247 (1988), *allocatur denied*, 523 Pa. 642, 565 A.2d 1167 (1989). Questions of credibility and what weight to give to any evidence are exclusively within the province of the chancellor. *Feeley v. Borough of Ridley Park*, 121 Pa.Cmwlth. 564, 551 A.2d 373 (1988).

The first issue which Morgan raises for our consideration is whether the trial court erred in failing to declare Joyce Street Extended a public road pursuant to Section 2307 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *added by* the Act of November 9, 1995, P.L. 350, *as amended*, 53 P.S. § 67307. Section 2307 of The Second Class Township Code provides that

[e]very road which has been used for public travel and maintained and kept in

---

1. Although Morgan ostensibly appealed from both orders of the trial court, the one order dealing with Richter's trespass and the other order dealing with the allegedly public nature of Joyce Street Extended, Morgan only argues issues in his brief to this court relating to the public nature of Joyce Street Extended. As such, Morgan has waived any issue relating to the chancellor's order concerning Richter's trespass upon the Morgan property. *Brozovich v. Circle C Group Homes, Inc.*, 120 Pa.Cmwlth. 417, 548 A.2d 698 (1988).

repair by the township for a period of at least twenty-one years is a public road having a right of way of thirty-three feet even though there is no public record of the laying out or dedication for public use of the road.

The trial court reasoned that this section requires two things: 1) public use of the road for twenty-one years and 2) township maintenance of the road for twenty-one years. The trial court determined that Morgan had established requirement number 2 but failed to establish that Joyce Street Extended had been used by the public.

In response, Morgan argues that the trial court erred in determining that the evidence of the use made of Joyce Street Extended by various people was insufficient to establish public use. Morgan points to the facts set forth *supra* as well as the fact that the laborers who built Morgan's second home used Joyce Street Extended to access the construction site and that utility companies used the street to lay their underground utilities. Morgan argues that these activities established that the Richters were on notice that their property rights in Joyce Street Extended were in danger of being prescriptively used and the Richters' failure to take any affirmative action to block the use of Joyce Street Extended indicates that the road really was used by the public in sufficient manner to establish public use. In addition, Morgan cites to *Stewart v. Watkins*, 427 Pa. 557, 235 A.2d 604 (1967) to indicate that the Supreme Court found public use to have been established therein upon less evidence of public use of the road than the quantum of evidence which Morgan presented herein.

In response, the Richters argue that the chancellor's finding that the evidence did not establish public use is a factual determination, citing *Waksmunski v. Delginis*, 391 Pa.Super. 37, 570 A.2d 88 (1990) and was supported by substantial evidence and is entitled to all the deference accorded to a jury verdict. The Richters also argue that the *Stewart* case actually supports the trial court's decision in this matter. The Richters suggest that given the deferential standard of appellate review, the Supreme court in

*Stewart* properly affirmed the chancellor's determination of public use because the evidence could support a determination that the road was used by the public, just as here the chancellor's determination of no public use should be affirmed because the evidence herein could support such a conclusion. In other words, where the evidence could be read in either of two ways, as is the case here and in *Stewart*, the chancellor's interpretation of the evidence should be given deference by the appellate courts unless clearly erroneous as a matter of law or unless it was not supported by substantial evidence. Here, according to the Richters, the evidence is sufficient to support the chancellor's finding of a lack of public use and is not clearly erroneous as a matter of law and therefore should be sustained. In support of their contention that the chancellor's decision is not erroneous as a matter of law, the Richters quote *Southeastern Pennsylvania Transportation Authority v. Pennsylvania Public Utility Commission*, 95 Pa.Cmwlth. 341, 505 A.2d 1046, 1049 (1986) (citations omitted) for the proposition that "[a] public use is not made out by proof of the use of a road merely by those having business with the concerns to whose establishments the road provides access, or by any one individual.... The use must be by the public in general, as against a limited segment of the public."

██ We agree with the Richters. To the extent that the facts as found by the chancellor are susceptible of supporting a conclusion that Joyce Street Extended was not sufficiently used by the public so as to qualify for the status of a public road as well as supporting a contrary conclusion, we cannot find that the chancellor abused his discretion or committed an error of law in determining that the facts were insufficient. Our conclusion in this regard gives effect to the deferential standard of review which appellate courts owe to chancellors. We do not find that the chancellor committed an error of law or abused his discretion.

██ The next issue which Morgan raises for our review is whether the trial court committed an error of law in failing to declare that Joyce Street Extended was a pub-

lic road by common law prescription? In order to merit a declaration that a road is public by means of common law prescription, one must show that the public used the road uniformly, adversely and continuously under a claim of right for 21 years. *Stewart v. Watkins,* 427 Pa. 557, 235 A.2d 604 (1967). Morgan argues that adverse possession can by acquired by the public through the actions of Harborcreek in maintaining, repairing, plowing, ditching and grading Joyce Street Extended for a period in excess of 21 years. *Stewart v. Watkins,* 427 Pa. 557, 235 A.2d 604 (1967). Morgan asserts that adverse possession was acquired by the public through the actions of Harborcreek in maintaining, repairing, plowing, ditching and grading Joyce Street Extended for a period in excess of 21 years. Although Harborcreek may have used the road by maintaining and repairing Joyce Street Extension, Harborcreek did not do so under a claim of right.

At some point in the late 1980's, Harborcreek road workers were going to tar and chip Joyce Street Extended. Mr. Richter approached the road crew and supervisors and informed them that Joyce Street Extended was private property. Thereupon the Supervisor, Mr. Sonney instructed the crew not to tar and chip Joyce Street Extended.[2] Thus, it is clear that Harborcreek did not **under a claim of right** tar and chip Joyce Street Extended. As such, Morgan has failed to carry his burden of proving that Harborcreek's use and/or possession of Joyce Street Extended was open, notorious, uniform, adverse and continuous, **and under a claim of right.** As such was his burden in order to prove a public road by common law prescription, we cannot conclude that the chancellor committed an error of law or abused his discretion in deciding that Morgan failed to establish a public road by common law prescription.

■ The last issue which Morgan presents to us is: did the trial court commit an error of law in failing to declare Joyce Street Extended a public road by dedication of deed

and acceptance by Harborcreek Township? A road may become a public road by dedication of the owner to public use and acceptance by the township. *See, e.g., Borough of Milford v. Burnett,* 288 Pa. 434, 136 A. 669 (1927). *See also Tobin v. Radnor Township Board of Commissioners,* 142 Pa.Cmwlth. 567, 597 A.2d 1258 (1991).

■ Morgan contends that the Hadbergs made an offer of dedication of Joyce Street Extended in the 1968 deed from Winifred Hadberg to Morgan and in the 1972 deed to Morgan from A.C. Hadberg's estate. Morgan further contends that this offer of dedication was impliedly accepted by Harborcreek's actions in plowing, maintaining, repairing and ditching Joyce Street Extended. Though the trial court did not address this issue in its opinion, it did address this issue in a footnote in its order denying Morgan's post-trial motions. In that footnote, the trial court stated that the evidence presented at trial was insufficient to support Morgan's theory of dedication and acceptance. Having reviewed the pertinent deeds and the record, we find that we must agree with the chancellor in his conclusion that there was insufficient evidence of intent on the part of the Hadbergs to dedicate Joyce Street Extended to public use.

Having concluded that the chancellor did not commit any errors of law and did not abuse his discretion, we affirm the order of the chancellor.

### ORDER

AND NOW, this 5th day of February, 1999, the orders of the Court of Common Pleas of Erie County, dated December 4, 1997, and docketed at Nos. 60044–Equity–1994 and 60045–Equity–1994, are hereby affirmed.

---

2. This testimony was objected to on the grounds of hearsay. The chancellor did not permit the introduction of this testimony to prove the truth of the matter asserted, i.e., that Joyce Street Extended was private property but rather for the purpose of showing that based upon what Mr. Richter said, Harborcreek made a decision not to tar and chip Joyce Street Extended. Certified Record, Day 1 of the trial at pp. 167–171.