# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James M. and Kathie Capinski    :
    :   No. 2029 C.D. 2016
v.    :   Argued: March 6, 2018
    :
Upper Pottsgrove Township,    :
    Appellant    :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE ELLEN CEISLER, Judge
    HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED


**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**        **FILED:  May 16, 2018**


Upper Pottsgrove Township (Township) appeals from the December 2, 2016 order of the Court of Common Pleas of Montgomery County (Trial Court) ordering a new trial and vacating an order of November 18, 2016 which denied the post-trial motions filed by James M. and Kathie Capinski (the Capinskis).  For the reasons set forth below, we affirm.

This matter was initiated when the Capinskis filed a complaint in mandamus on May 5, 2010, alleging that the Township was responsible for the completion and maintenance of Highview Lane, a road that connects with Yarnall Road in Pottstown, Pennsylvania, where the Capinskis reside.  Both parties filed motions for summary judgment, which were denied, and on August 2, 2013, the Trial Court issued an order reflecting the agreement of the parties that "the Court will make a determination based upon admissible evidence to be presented by the parties

by document." (8/2/13 Order, Reproduced Record (R.R.) at 14a.) Both parties submitted trial briefs and documentary evidence for the Trial Court's consideration; the Township attached its exhibits to its filing, and the Capinskis submitted a binder of documentary evidence. The Township filed objections to 178 of the 186 documents submitted by the Capinskis.[1] (Statement of Township's Objections to Plaintiffs' Evidence, R.R. at 15a-30a.)

On December 3, 2013, the judge to whom the case was assigned (first Trial Court judge) issued an order denying the request for mandamus relief and entering judgment in favor of the Township. (12/3/13 Order, R.R. at 192a.) The order states,

> AND NOW, this 3rd day of December, 2013, after having reviewed all documents which the attorneys have stipulated constitute the evidence in this case (in lieu of a hearing) subject to the rules of evidence and after having reviewed the briefs submitted by the parties together with the applicable law, this Court finds that Plaintiffs' Writ of Mandamus is hereby DENIED and judgment is entered in favor of Upper Pottsgrove Township on the basis that none of the three methods for establishing the existence of a township road exist.

(*Id.*)

---

[1] The majority of the Township's objections related to relevance and the lack of proper evidentiary foundation. The Township contends that many of the documents were inadmissible hearsay, for which it asserted there is no exception under Pennsylvania evidence law, and that the documents were not properly proven or evidenced by an official publication of a government officer or agency or by the issuance of an attested copy issued by the duly certified custodian of records, as required and contemplated by Section 6103 of the Judicial Code, 42 Pa. C.S. § 6103.

The Capinskis filed a post-trial motion on December 9, 2013.[2] However, the case remained dormant until May 11, 2016, when a second Trial Court judge, to whom the matter had been assigned subsequent to the first Trial Court judge's 2013 order, scheduled argument on the post-trial motion. (5/11/16 Order, Docket Entry No. 67, Certified Record (C.R.).) According to the second Trial Court judge, at some point it became apparent that the binder of evidence presented by the Capinskis for the first Trial Court judge's consideration was missing. (1/20/17 Trial Court 1925(a) Opinion at 2, R.R. at 197a; 7/18/17 Trial Court 1925(a) Opinion at 2, R.R. at 201a.) Noting that the Capinskis' evidence could not be found and that there was no trial record to review, the second Trial Court judge requested that the first Trial Court judge, who had denied the request for mandamus relief, dispose of the post-trial motion and, if necessary, write an opinion in support of its order; however, that request was declined, and the first Trial Court judge had no further involvement in the matter. (*Id*.)

On November 18, 2016, the Trial Court issued an order denying the Capinskis' post-trial motion and granting them leave to file an appeal *nunc pro tunc* from the December 3, 2013 order entering judgment against them; however, on December 2, 2016, the Trial Court vacated its November 18, 2016 order, granted the Capinskis' motion for post-trial relief, and ordered a new trial pursuant to Pa. R.C.P. No. 227.1(a)(1).

---

[2] In their post-trial motion, the Capinskis argued that the Trial Court erred in holding that the evidence was insufficient to prove the existence of a township road; failed to acknowledge evidence that the Township accepted two escrows for completion of Highview Lane and that its failure to complete the road was a violation of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202 regarding use of escrows; and misinterpreted their argument as a claim that Highview Lane was a Township road. (Plaintiffs' Post-Trial Motion, R.R. at 193a-94a.)

3

The Township appealed the December 2, 2016 order to this Court. On January 20, 2017, the Trial Court issued the first of two 1925(a) opinions. The initial 1925(a) opinion explained that the Trial Court had vacated its first order after a December 2, 2016 teleconference with the parties. The Trial Court stated:

> This Court elected to vacate its November 18, 2016 order and order a new trial because it was not possible to compose an opinion in support of [the 2013 order]. The trial court ordered the parties to produce all documents "by agreement" and that the Court will "make a determination based upon admissible evidence to be presented by the parties by document." That order was presumably an attempt to initiate a "Case Submitted on Stipulated Facts" under Pa. R.C.P. No. 1038.1. However, the record does not reflect that the parties ever agreed on any documents to submit. Instead, the Capinskis filed a number of documents [to which the Township objected]…[a] large part of the Capinskis' case rests on the admissibility of certain documents and out-of-court statements. Because there is no trial record, this Court could not discern which documents the trial court decided to admit and could not properly weigh the sufficiency of the [Capinskis'] evidence…[f]urthermore, the Commonwealth Court would have no record to review on which to base its decision.

(1/20/17 Trial Court 1925(a) Opinion, R.R. at 196a-99a.)

On May 31, 2017, in response to a motion filed by the Township to clarify the record with the addition of a copy of the Capinski binder of evidence, this Court held oral argument and entered an order remanding the clarified record to the Trial Court for the "sole purpose of preparing a revised Pa. R.A.P. 1925(a) opinion…." (5/31/17 Order.) In its second 1925(a) opinion, issued on July 18, 2017, in compliance with this Court's order, the Trial Court explained that the Township's attorney discovered a copy of the Capinski binder of evidence, and filed it with this

4

Court to clarify the record. Its decision to order a new trial was based upon its determination that even with the discovery of the binder of evidence, it was still not possible to compose an opinion in support of the 2013 order. The Trial Court opined that it had no way of determining which documents were relied upon by the first Trial Court judge that adjudicated the case and, therefore, that it remained unable to properly weigh the sufficiency of the evidence presented by the Capinskis. (7/18/17 Trial Court 1925(a) Opinion at 4, R.R. at 203a.)

Before this Court, the Township contends that the Trial Court lacked jurisdiction to render a decision on the post-trial motion, asserting that when the Capinskis failed to file an appeal within 120 days of the judgment entered by the Trial Court, that judgment became final and unappealable. We disagree. The Capinskis filed a timely post-trial motion on December 9, 2013, as required.[3] (Post-Trial Motion, R.R. at 193a-94a.) Rule 227.4 of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 227.4, which deals with the entry of judgment upon praecipe of a party, states that post-trial motions are deemed denied if not decided within 120 days of their filing and that judgment may thereafter be entered. However, *sub judice*, judgment was not entered on the docket after the expiration of 120 days after filing of the post-trial motion. The 1995 Explanatory Comment to Rule 227.4 indicates that Rule 227.4 is optional with the parties and that, "[i]f time is not of the essence, [the parties] may await the decision of the trial court." The Comment further states that "[t]he rule does not provide an automatic limit upon the time in which the court may make its ruling." Thus, we find that the Trial Court had jurisdiction to properly enter the December 2, 2016 order.

---

[3] See *Gaughen LLC v. Borough Council of Borough of Mechanicsburg*, 128 A.3d 355, 361 n.2 (Pa. Cmwlth. 2015) (post-trial motions are required in mandamus actions).

5

The Township further argues that the Trial Court improperly determined that a new trial was justified. The Township asserts that to order a new trial, the Trial Court was required to identify a prejudicial mistake by the original Trial Court judge, such as an incorrect determination about admissibility or the accordance of insufficient weight to the evidence. In addition, the Township asserts that even assuming that all of the evidence offered by the Capinskis was admissible, the first Trial Court judge properly determined that the record could not support the grant of mandamus. However, the first Trial Court judge indicated only that he had "reviewed all of the documents which the attorneys had stipulated constitute the evidence in the case"; he did not indicate, and neither we nor the second Trial Court judge can discern which documents he deemed admissible and upon which documents he relied. The Township acknowledges that there are various methods by which the existence of a township road can be established.[4] Whether any of these alternative methods of proving that Highview Lane is a Township road was satisfied requires findings of fact and inferences from the documents that can only be made by the Trial Court in the first instance.

Notwithstanding the voluminous record in this case, and the lengthy period of time since its inception, the issue before us is a narrow one. It is well

---

[4] In *Stewart v. Watkins*, 235 A.2d 604, 605 (Pa. 1967), the Pennsylvania Supreme Court stated:

> Three methods exist for establishing the existence of a township road. The first is the introduction of court records showing the road to have been opened under the Act of June 13, 1936, P.L. 551, 36 P.S. § 1781, et seq. The second is that provided in the Second Class Township Code of May 1, 1933, P.L. 103, § 1105, 53 P.S. § 66105, setting forth the circumstances under which there arises a conclusive presumption that a road is public. The third is by prescription, requiring uniform, adverse, continuous use of the road under claim of right by the public for twenty-one years.

settled that trial courts have broad discretion to grant or deny a new trial. *Harman v. Borah*, 756 A.2d 1116, 1121 (Pa. 2000). Although all new trial orders are subject to appellate review, it is also well settled that absent a clear abuse of discretion by the trial court, the appellate courts must not interfere with the trial court's authority to grant or deny a new trial. *Id*. at 1121-22. The Trial Court clearly articulated its rationale for granting a new trial, stating that the first Trial Court judge, who received evidence and denied mandamus, never stated which documents were admitted under the rules of evidence and which were not, or indicated the documents upon which he had relied. Noting that the parties were unwilling to stipulate as to what evidence had been ruled admissible by the first Trial Court judge, the Trial Court declined, as inappropriate, to substitute its own judgment in the making of evidentiary rulings outside the context of a new trial. Finding no abuse of discretion by the Trial Court, we are constrained to affirm its order.

 

 

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James M. and Kathie Capinski     :
    :     No. 2029 C.D. 2016
v.     :
    :
Upper Pottsgrove Township,     :
           Appellant     :

# **O R D E R**

AND NOW, this 16th day of May, 2018, the order of the Court of Common Pleas of Montgomery County is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge